LEONARD MARX, Plaintiff, *v.* MERCHANTS' NATIONAL PROPERTIES, INC., and Others, Defendants.

Supreme Court, New York County, April 13, 1933.

*Emily Marx,* for the plaintiff, for the motion.

*Charles Ress,* for the defendant Merchants' National Properties, Inc.

*Beekman, Bogue & Clark,* for the defendants Robert L. Rooke, George S. Armstrong and Frank O. Roe, as a committee, opposed.

FRANKENTHALER, J. That part of the motion which seeks an injunction against payments of interest or principal on account of the promissory note for $225,000 has been withdrawn. The request for additional relief with regard to bonds deposited prior to April 9, 1933, is not incorporated in the order to show cause and is mentioned for the first time in the reply affidavit of the plaintiff sworn to April 11, 1933. No such relief may, therefore, be granted. The only phase of the motion remaining to be disposed of is that which seeks an order requiring the defendant Merchants' National Properties, Inc., to furnish the plaintiff with the names and addresses of the owners and holders of its six per cent sinking fund gold bonds and enjoining the defendants from soliciting bonds until such list has been furnished to the plaintiff. The provisions of section 324 of the Civil Practice Act authorize a discovery only as to documents which will themselves be evidence. (*People ex rel. Lemon* v. *Supreme Court,* 245 N. Y. 24.) The documents must relate to the merits of the action or of the defense therein and it has accordingly been held that an application somewhat similar to the instant one must be denied. (*Sullivan, etc.,* v. *St. Louis, San Francisco Ry.,* N. Y. L. J. Dec. 13, 1932; affd., 238 App. Div. 826.) In *Bergelt* v. *Roberts* (144 Misc. 832), relied upon by the plaintiff, the opinion of the court, at Special Term, indicates that it took the same view as to the scope of section 324 of the Civil Practice Act. It is true that a disclosure of the bondholders was there permitted, but this was apparently done on the theory that the relationship between the S. W. Straus Company, which was required to make the disclosure, and the plaintiffs was that of trustee and *cestui que trust.* Moreover, the decision was based largely upon extraordinary circumstances there shown to exist, the court expressly pointing out that " It is not intended here to hold that in all cases of bondholders' committees disclosure should be ordered." In the instant case the plaintiff seeks to compel the defendant Merchants' National Properties, Inc., the obligor on the bonds, to disclose the identity of all the bondholders. The relationship between a bondholder and the obligor on the bond is not a trust relationship but rather one of creditor and debtor. Furthermore, the plaintiff here has failed to establish the existence of extraordinary circumstances such as were

present in *Bergelt* v. *Roberts* (*supra*). However desirable it may at times be that bondholders should be permitted to obtain a list of others similarly situated, there appears to be no authority, statutory or otherwise, for the granting of this relief in a situation similar to that presented on this application. Except as withdrawn, the motion is accordingly denied.