■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROSS EDWARD MORRIS, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Richmond County, rendered June 22, 1972, convicting him of manslaughter in the first degree, upon a jury verdict, and sentencing him to a prison term of a minimum of 8 years 4 months and a maximum of 25 years. Judgment reversed, on the law, and new trial ordered. No questions of fact were raised on this appeal and none have been considered. At the trial an Assistant District Attorney testified to admissions made by defendant when questioned at a police station. In summation, the prosecutor, speaking about his colleague, stated that "under the canons of professional ethics, he holds a higher obligation than if he were not an Assistant District Attorney" and that "it would be an enormous injustice to the integrity * * * [of his colleague], a professional man, an Assistant District Attorney for over 12 years to even suggest, based on the evidence in this case, that he would have done anything else in this case but to tell you the truth as he recalled it." These statements in summation placed the veracity and position of an Assistant District Attorney in issue and require reversal (*People* v. *Smith*, 26 A D 2d 588; cf. *People* v. *Jackson*, 7 N Y 2d 142, 144–145; *People* v. *Lovello*, 1 N Y 2d 436, 438–439). It was also serious error for the trial court to exclude the

history portion of the autopsy report and the medical investigator's testimony as to the deceased being reported alive at 6:00 A.M. The court's reasons for not admitting this evidence were invalid. There was sufficient evidence to identify the deceased's mother as the one who was speaking to the medical investigator on the telephone. Moreover, the statement which the defense wished to have admitted into evidence was inconsistent with the mother's testimony at the trial. Furthermore, an autopsy report is admissible in evidence as a public document (*People* v. *Nisonoff*, 293 N. Y. 597; *People* v. *Courtney*, 40 Misc 2d 541; Richardson, Evidence [9th ed.], § 363). Also, a sufficient foundation was laid for admitting this evidence (*People* v. *Dachille*, 14 A D 2d 554). Finally, defendant's guilt was based entirely upon circumstantial evidence. Therefore, the trial court should have charged the jury that where circumstantial evidence is relied upon to establish guilt, the evidence must point logically to the defendant's guilt so as to exclude to a moral certainty every other reasonable hypothesis (*People* v. *Sands*, 25 A D 2d 785; *People* v. *Taddio*, 292 N. Y. 488, 489). Martuscello, Acting P. J., Gulotta, Christ and Brennan, JJ., concur; Benjamin, J., dissents and votes to affirm, with the following memorandum: I believe that in the posture of this case there was no substantial error.