■ VIRGINIA CONDON, Appellant, v WILLIAM F. CONDON, JR., Respondent.—In an action in which the plaintiff wife was granted a judgment of separation, she appeals from an order of the Supreme Court, Westchester County, entered March 1, 1976, which, upon her motion *inter alia* to punish defendant for contempt, and upon defendant's cross motion to reduce the alimony payments retroactive to March 4, 1974, *inter alia,* directed that the marital premises be sold. Order reversed, on the law, with $50 costs and

disbursements to plaintiff, cross motion denied, and case remanded to Special Term for an appropriate determination of plaintiff's motion. No findings of fact were presented for review. The sale of the marital premises was not demanded by either party in the instant applications. Accordingly, it was an abuse of discretion to have ordered such a drastic remedy, unsolicited by the parties, and essentially unrelated to the relief which they actually sought (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 2214:5). Further, insofar as the defendant seeks to reduce the alimony award retroactive to March 4, 1974, the application is improper. The judgments entered upon the arrears dated July 8, 1974 and February 11, 1975, respectively, cannot be upset by an application of this nature (see Domestic Relations Law, § 244). Also, the papers submitted on the defendant's application do not warrant the ordering of a hearing on his request for a reduction of alimony payments due after the period covered by the aforesaid judgments (see *Casola v Casola,* 235 NYS2d 495). Latham, Acting P. J., Margett, Damiani, Rabin and Shapiro, JJ., concur.