■ CLAIRE STEIN, Respondent, v SIDNEY STEIN, Defendant, and HOLLENBERG LEVIN MARLOW & BLOOM, Appellant.—In a matrimonial action, plaintiff's former attorneys appeal from (1) so much of a judgment of divorce of the Supreme Court, Nassau County, entered September 18, 1975, as directs defendant to pay plaintiff the sum of $6,000 for legal services, (2) an order of the same court, entered September 17, 1975, which, *inter alia,* fixed the amount of its charging lien and (3) so much of a further order of the same court, dated March 4, 1976, as denied its motion to resettle the judgment of divorce with respect to the payment of counsel fees. Judgment affirmed insofar as appealed from, order entered September 17, 1975 affirmed, and order dated March 4, 1976 affirmed insofar as appealed from, all without costs or disbursements. Regardless of the merits of appellant's claim, it is now precluded from raising the question of *quantum meriut* for its services by reason of its acquiescence, without appeal, in the prior Special Term ruling that it turn over plaintiff's files, without a fixation of fees claimed, and await the fixation of such fees by the Trial Justice. Gulotta, P. J., Hopkins, Latham, Shapiro and Hawkins, JJ., concur.

■ MARY TRIPI, Respondent, v CHARLES TRIPI, Appellant.—In an action in which the plaintiff wife was granted a judgment of divorce, defendant appeals from an order of the Supreme Court, Kings County, dated June 18, 1975, which, *inter alia,* (1) upon granting his motion to reduce the alimony and child support awarded to plaintiff, reduced his total obligation by only $10 per week, (2) directed him not to appear within one block of the former marital premises, unless notified that repairs are essential, and (3) ordered that he remove his tools from the said premises. Order modified, on the law and the facts, by deleting the second and third decretal paragraphs thereof. As so modified, order affirmed, without costs or disbursements. The provisions of the order which direct defendant to remove his tools from the marital premises and not to appear within one block thereof, unless notified that repairs are essential, were not sought by either party in the papers submitted. Accordingly, it was an abuse of discretion to have ordered such a drastic remedy, which was essentially unrelated to the relief actually sought (see *Broadhurst v Broadhurst,* 50 AD2d 569; *Condon v Condon,* 53 AD2d 622). The papers submitted on defendant's application for a downward modification of alimony and child support, made within two weeks of the original award, do not establish a change of circumstances (see *Casola v Casola,* 235 NYS2d 495). Gulotta, P. J., Hopkins, Latham, Shapiro and Hawkins, JJ., concur.

■ VALLEY BANK OF NEW YORK, Appellant, v IRVING WINSTON et al., Defendants, and NATIONAL BANK OF NORTH AMERICA, Respondent.—In an action *inter alia* to recover damages for nonpayment of a check, plaintiff appeals from so much of an order of the Supreme Court, Nassau County, dated April 19, 1976, as denied its motion for leave to serve a supplemental complaint. Order affirmed insofar as appealed from, with $50 costs and disbursements. The proposed pleading, as a matter of law, does not state a cause of action (cf. *Grafer v Marco Beer & Beverages,* 36 AD2d 295, app dsmd 29 NY2d 641). Hopkins, Acting P. J., Latham, Shapiro and Hawkins, JJ., concur.