■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILLIAM MICHAEL ALDERSON, Respondent.—Appeal from an order of the County Court of Chemung County, entered June 6, 1976, which granted defendant's motion to dismiss an indictment against him. This criminal action was commenced on April 22, 1976 upon the filing of an indictment alleging that the defendant had possessed and sold a controlled substance in the City of Elmira on October 30, 1975. The defendant has moved for and obtained a dismissal of the indictment on the ground of prejudicial delay in presenting the matter to a Grand Jury and the People now appeal. The order should be reversed, defendant's motion denied, and the indictment reinstated. Since the constitutional and statutory guarantees of a speedy trial accrue after a criminal action has begun, not before, defendant's claim must be resolved in a due process setting (United States v Marion, 404 US 307); a situation not often directly encountered (see People v Townsend, 38 AD2d 569; People v London, 36 AD2d 980). The indictment was filed less than six months after the crimes were supposedly committed. Even if this period constituted a delay, we certainly could not say, as a matter of law, that it was inordinate or prejudicial. Nevertheless, in support of the motion to dismiss, an affidavit was submitted by defendant's attorney alleging that a material witness, one Michael Semler, had died during this interval in January or February of 1976. The defendant argues that his claim of actual prejudice stands admitted because no opposing affidavit was received from the District Attorney, while the prosecution maintains that the moving papers contained nothing more than unsubstantiated and concludent statements. In our opinion, both positions overlook a critical factor. Inasmuch as any delay in accusation could work prejudice to a defendant regardless of its length, but since not all prejudicial delays could be attributed to the prosecution, it is not enough merely to assert that a witness has died, a connection must be made between the detriment arising therefrom and some prosecutorial cause (United States v Marion, supra, p 324). Assuming that Semler was a witness important to the defense, even though the attorney's affidavit does not detail his relation to the charges against the defendant, no attempt was made to show how, through preventable inaction, the prosecution was advantaged unfairly by his death. We conclude that under the circumstances presented there was an insufficient demonstration of an infringement of any due process rights. Order reversed, on the law and the facts,

motion to dismiss the indictment denied, and indictment reinstated. Sweeney, J. P., Kane, Mahoney, Main and Larkin, JJ., concur.