In the Matter of IRIS ZUCKER, Respondent, v MELVIN ZUCKER, Appellant.—In a support proceeding, the appeal is from so much of an order of the Family Court, Nassau County, entered September 3, 1976, as, after a hearing, (1) "denied" appellant's "application for a downward modification of * * * child support" and (2) fixed arrears. Order affirmed insofar as appealed from, without costs or disbursements. The facts do not establish a change of circumstances since the time of the previous hearing (see *Tripi v Tripi,* 54 AD2d 759; *Casola v Casola,* 235 NYS2d 495). The other contentions raised by appellant have been considered and found to be without merit. Cohalan, Acting P. J., Hawkins, Suozzi and Mollen, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NEIL CHARETTE, Appellant.—Appeal by defendant from a judgment of the County Court, Orange County, rendered March 26, 1976, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal also brings up for review an order of the same court, dated September 19, 1975, which denied, without a hearing, defendant's motion to dismiss the indictment on the ground of prejudicial delay between the date of the criminal transaction alleged in the indictment and the filing of the sealed indictment. Case remanded to the County Court for a hearing and a new determination on defendant's motion to dismiss the indictment upon the ground that there had been prejudicial preindictment delay, and appeal held in abeyance in the interim. The mere claim by the District Attorney of an ongoing narcotics investigation, and the need to protect the undercover police operative, is an insufficient basis upon which to deny, without a hearing, a motion to dismiss an indictment upon the ground of preindictment delay, where a potential for prejudice to the defendant's rights appears and is raised. Under such circumstances, this court has held that a hearing is required (see *People v Townsend,* 38 AD2d 569; see, also, *People v Valentin,* 46 AD2d 906; *People v Lewis,* 49 AD2d 912). Cohalan, Acting P. J., Hawkins, Suozzi and Mollen, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN HARRIS, Appellant.—Appeal by defendant from a judgment of the County Court, Orange County, rendered June 23, 1976, convicting him of attempted burglary in the third degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. Upon the record before us, we find ample evidence to conclude that appellant's plea of guilty was voluntarily and intelligently made (see *North Carolina v Alford,* 400 US 25). We have examined appellant's other contention and find it to be without merit. Cohalan, Acting P. J., Hawkins, Mollen and O'Connor, JJ., concur.