■ THE PEOPLE OF THE STATE OF NEW YORK Respondent, v GREGORY WHITE, Also Known as GERALD WHITE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered December 3, 1975, convicting him of criminal sale of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. No issue has been raised with respect to the sufficiency of the facts. The key witness for the prosecution was an undercover officer who testified that on two separate occasions, June 10, 1974 and July 8, 1974, he purchased $20 worth of heroin from the defendant. Both transactions occurred on a public street at night and each lasted from two to four minutes. The undercover officer had never seen defendant prior to June 10, 1974, when he had been introduced to him by a confidential informant. The only other time that the officer saw the defendant prior to his arrest was on July 8, 1974, when the informant was again present. There were no other witnesses to either transaction. The defendant testified at trial that he had not been involved in either transaction and that he had never before seen the undercover officer. In *People v Goggins* (34 NY2d 163, 170), the court held that when "the identity of the culprit rests upon evidence which is equally balanced, the informer's testimony should not be minimized merely because he played a minor role. In

other words the truly crucial factor in every case is the relevance of the informer's testimony as to the guilt or innocence of the accused." The court stated that (pp 169–170) "the strongest case for disclosure is made out when it appears that the informant was an eyewitness or a participant in the alleged crime." The court also noted that (p 172) "the defendant might become entitled to disclosure not by showing weaknesses in the prosecution case but by the development of his defense." Here the trial court denied defendant's motion for disclosure of the informant's identity several times during the trial. As the defendant's case was presented, however, the trial court properly concluded that the identity of the informant should be disclosed. The defendant then requested that the prosecution produce the informant. The trial court simply asked the District Attorney whether he was in a position to produce him. The District Attorney replied that he was not and that the informant had not been seen since October, 1974. The trial was held in November, 1975. Defendant's motion for production of the informant was denied. The prosecution made no attempt to demonstrate that any efforts to locate the informant had been made. "[O]nce the *Goggins* test is satisfied, where an unavailable informant is or has been under the employ or control of law enforcement authorities, the People have a duty to produce the informant or exert diligent efforts to effect the production of the informant for the defense" *(People v Jenkins,* 41 NY2d 307, 309). Since there were no efforts to locate or produce the informant here, defendant's rights of confrontation, due process and fairness were denied to him, and there should be a new trial. We have considered defendant's other contentions and find them to be without merit. Cohalan, J. P., Damiani, Rabin and Titone, JJ., concur.