◼ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICHAEL ALLEN, Appellant, v STEPHEN DALSHEIM, as Superintendent of the Ossining Correctional Facility, Respondent.—In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Westchester County, entered November 14, 1977, which, after a hearing, granted his petition solely to the extent of ordering that he appear at the next scheduled meeting of the Parole Board. Judgment reversed, on the law, without costs or disbursements, and petitioner is restored to parole under the conditions existing at the time of his original release. Approximately 10 months have passed since petitioner's arrest for violation of parole and he has not received a final parole revocation hearing. This is an unreasonable delay and has resulted in a deprivation of due process (see *Morrissey v Brewer,* 408 US 471). This situation requires that petitioner be restored to parole under the conditions that existed at the time of his initial release. Petitioner has at all times asserted his rights and is in no way chargeable with the delay. In the light of the inordinate length of the delay, his failure to allege prejudice is not relevant. Gulotta, J. P., Shapiro, Cohalan and O'Connor, JJ., concur.