THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WIL-
LIAM BRYANT, Respondent.

Second Department, December 29, 1978

**APPEARANCES OF COUNSEL**

*Carl A. Vergari, District Attorney (Gerald D. Reilly* and
*Anthony J. Servino* of counsel), for appellant.

*Stephen J. Pittari (Robert W. Stieve* of counsel), for respondent.

## OPINION OF THE COURT

RABIN, J.

This is an appeal from an order of the County Court, Westchester County (MARTIN, J.), dated April 24, 1978, which dismissed the indictment. The order should be reversed and the indictment reinstated.

The issue on appeal is whether a preindictment delay of almost seven months between the date of the alleged criminal transactions and the commencement of the criminal proceeding so violated the defendant's due process rights as to require dismissal of the indictment.

Upon the defendant's motion to dismiss the indictment, the County Court properly conducted a hearing (see *People v Charette,* 57 AD2d 594)* at which the defendant and an undercover police officer testified. The defendant essentially testified that some time in October, 1976 a friend and two undercover police officers came to his house in Greenburgh, New York. The friend asked the defendant if he had any cocaine or knew where cocaine could be purchased. The defendant said that he did not have any and did not know where cocaine could be purchased, unless they went to New York City. The defendant agreed to accompany the three men to New York City. They drove to the vicinity of 180th Street and 8th Avenue, where the men gave the defendant money to purchase cocaine. The defendant completed the transaction and the four men then returned to Greenburgh. Although the defendant did not know the person who sold him the drugs, he had a fair recollection of his appearance.

Several days later, one of the officers again asked the defendant to complete a cocaine purchase and again the defendant complied. On this occasion, the defendant took the

---

* The dissent's reference to *People v Townsend* (38 AD2d 569) is wholly unwarranted. The holding in *Townsend* does no more than require that a hearing be conducted when a defendant raises a bona fide due process claim. The issue now before us is not whether a hearing should have been conducted, but whether, based upon the evidence introduced at the hearing, as applied to the controlling legal principles, the indictment should have been dismissed. *People v Townsend* is irrelevant to this inquiry. We note, however, that although *Townsend* involved a delay of almost one year, upon remand it was determined that there was no due process violation and the judgment of conviction was affirmed without opinion (41 AD2d 934).

railroad to New York City and met the undercover officer upon his return to Greenburgh. As with the prior transaction, the defendant did not know the identity of the person who sold him the cocaine.

On cross-examination, the defendant gave a fairly detailed account of the events surrounding both transactions. This account included testimony that the transfer of the drugs from the defendant to the undercover officer on the second transaction was made at the apartment of the defendant's sister and that she was present in the apartment while the officer took the package and tested the cocaine.

Only after his arrest did the defendant learn that his friend was a confidential police informant and that the other two men were undercover police officers. When the record is read as a whole, it appears that the defendant will seek to defeat a criminal prosecution by raising the affirmative defense of agency.

The undercover police officer who had participated in both purchases testified that he had worked as an undercover officer in varying capacities (e.g., narcotics, gambling, stolen property, etc.) for several years. The alleged transactions with the defendant were part of an ongoing narcotics investigation which continued in the general vicinity of the defendant's residence for approximately six months subsequent to the alleged purchases. At the end of this period, the undercover officer submitted his papers to the office of the District Attorney. Approximately one month later, the defendant was indicted for two counts each of criminally selling a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree.

■ At the conclusion of the hearing, the court determined that the seven-month delay was not satisfactorily explained and that the defendant was prejudiced by the delay. Holding that the defendant's due process right to a prompt prosecution was thus violated, the court dismissed the indictment. The order of dismissal should be reversed and the indictment reinstated.

■ ■ It is well established that the Sixth Amendment right to a speedy trial protects a defendant from only that delay which occurs after the commencement of a criminal proceeding (see *United States v Marion,* 404 US 307; *United States v Lovasco,* 431 US 783). However, the instant delay occurred

prior to the commencement of the criminal proceeding. Therefore, the constitutional guarantee of a speedy trial, and the cases decided thereunder, are entirely inapplicable to the disposition of the present case. Also irrelevant are those statutory provisions (see, e.g., CPL 30.20, 30.30) which seek to implement the more intangible safeguards of the Sixth Amendment.

Traditionally, the only redress for preindictment dely were the dictates of the various Statutes of Limitation, which in this case are essentially unlimited (see CPL 30.10, subd 2, par [a]). More recently, the due process clause has been used to further safeguard a defendant's right to a speedy prosecution. It is upon the due process clause which the defendant must rely (cf. *People v Alderson,* 55 AD2d 977).

When analyzing due process claims, New York courts have generally employed a balancing test involving various factors which "must be evaluated on an *ad hoc* basis since no rigid precepts may be formulated which apply to each and every instance" *(People v Taranovich,* 37 NY2d 442, 445; see, also, *People v Staley,* 41 NY2d 789). In terms of a defendant's due process right to a prompt prosecution after the occurrence of the criminal transaction, there are four factors of primary importance: (1) the length of the delay; (2) the reason for the delay; (3) the degree of actual prejudice to the defendant; and (4) the seriousness of the underlying offense. The New York approach is significantly broader than the Federal rule as enunciated by the Supreme Court of the United States. Whereas the New York courts consider actual prejudice as only one of several relevant factors, Federal courts require a showing of actual prejudice as a prerequisite to a dismissal of an indictment on the due process ground of delay between the criminal transaction and the commencement of a criminal proceeding (see *United States v Lovasco,* 431 US 783, *supra).*

Typical of these divergent approaches are those few New York cases which allow the dismissal of the indictment because of an unreasonably protracted delay, but in the absence of a showing of actual prejudice (see *People v Singer,* 44 NY2d 241; *People v Staley,* 41 NY2d 789, *supra).* The rationale of these cases is not that actual prejudice is not a vital consideration in determining whether a defendant's preindictment due process rights have been violated, but rather, that the unexcused delay is so lengthy as to itself constitute a due process violation regardless of the additional element of prejudice (see

*People v Singer, supra).* These cases implicitly balance the factors of delay and prejudice to the defendant and the prosecution, but conclude merely that the unexcused delay outweighs all other considerations. This result stems from the presumption of potential prejudice inherent in any lengthy delay, coupled with the recognition that an unduly long and unexcused delay in the prosecution of criminal offenders is contrary to various public policies (see *People v Singer, supra,* p 254).

■ When the above-enumerated criteria are analyzed in the present case, it is apparent that no single factor is so compelling as to be dispositive. However, when the factors are fully balanced, there is no question that the defendant's due process rights have not been violated.

Generally, there is no "per se period beyond which a criminal prosecution may not be pursued" *(People v Taranovich,* 37 NY2d 442, 445, *supra).* The criminal Statute of Limitations provides only the outside limit on when a prosecution must be commenced and such period is largely irrelevant to the due process claim of preindictment delay. Here we are faced with a delay of only seven months between the date of the alleged transactions and the commencement of the criminal proceeding. This delay is considerably shorter than in those cases where the preindictment delay has constituted the sole basis for dismissing the indictment (see, e.g., *People v Singer,* 44 NY2d 241, *supra,* a 42-month delay; *People v Staley,* 41 NY2d 789, *supra,* a 31-month delay). Furthermore, it must be emphasized that few of the considerations which make a lengthy delay harmful are relevant to the present situation. For instance, the defendant was not incarcerated nor was his liberty or freedom of conduct inhibited in any way. The defendant was not subjected to police interrogation or to the threat of prosecution. In short, there was absolutely no interference, physical or psychological, with the defendant's life style during the seven-month period. In this context, it is apparent that the period of delay was of fairly short duration.

The County Court's conclusion that there was no good faith excuse for the delay must be rejected. In terms of a preindictment delay, the excuse need only be reasonable and made in good faith. Unlike a situation involving a postindictment delay, there is no stringent statutory requirement of demonstrating exceptional circumstances (CPL 30.30, subd 4, par [g]). In the instant situation of delay prior to the commencement

of the criminal proceeding, the rigors of what constitute "exceptional circumstances" when applying the fairly inflexible time limitations of CPL 30.30 are neither applicable by the statute's terms nor properly applicable by judicial extension. In this context, the dissent's emphatic reliance on *People v Washington* (43 NY2d 772) is entirely misplaced. The *Washington* case involved a seven-month postindictment delay. Dismissal of the indictment resulted solely from the prosecution's failure to comply with the New York statutory six-month rule (CPL 30.30). However, this rule has never been extended to the preaccusatory stage, and to blindly do so would improperly hinder prosecutorial discretion and thorough police work without clearly advancing any legitimate due process goal.

There is no question that in the present case, an indictment could have been filed immediately after the alleged criminal transactions. However, the transactions in this case were part of a more extensive narcotics investigation. After the October, 1976 transactions involving the defendant, the same confidential informant continued to supply information for at least one month. Although the general investigation involved a relatively large area of the Town of Greenburgh, the record indicates that the officer involved with this defendant had a more limited range of operations and was involved in subsequent transactions within a radius of several blocks of the defendant's residence. It is of little significance whether the persons involved in the subsequent transactions were known to the defendant. In recognition of the relative closeness of the drug culture and in view of the continuing investigation in the immediate vicinity of the defendant's residence, it must be concluded that a premature indictment would have necessarily encumbered the ongoing investigation and could have possibly jeopardized the lives of the undercover officers and informants who participated in that investigation.

The County Court's conclusion that it was not necessary to delay the indictment to preserve the undercover officer's "cover" is of little merit. Despite his prior exposure as an undercover officer, he apparently was still an effective operative in the instant investigation.

The timing of a criminal prosecution is necessarily left to the sound discretion of the District Attorney. Similarly, the conduct of a police investigation is necessarily left to the discretion of the police. Just as it is improper to impose an

inflexible burden of immediate prosecution in the absence of a clear abuse, it is improper to second guess the exercise of discretion by our law enforcement officials as to when a criminal investigation should be terminated and indictments filed. In the instant case, it is plain that the seven-month delay was not purposely undertaken to improperly "gain tactical advantage over the accused" (see *United States v Marion,* 404 US 307, 324, *supra).* Rather, the delay in the instant case was made in good faith and constitutes a reasonable excuse.

Nor do we agree that the defendant suffered any real prejudice from the delay. In view of the fairly short period of delay, the factor of actual prejudice assumes a role of critical importance (cf. *People v Taranovich,* 37 NY2d 442, *supra).* Although the defendant could not remember the specific dates of the alleged transactions, and could not recall the specific identity of people he had casually encountered (e.g., the train conductor on the day of the second purchase), the defendant's over-all recollection of the actual events of the two days was reasonably complete and lucid. Based upon the defendant's detailed account of the two transactions, it is apparent that the two witnesses who can most aid in the defendant's defense (i.e., the confidential informant and the defendant's sister) are well known to the defendant. Nor was it demonstrated that the passage of time will preclude the discovery of other possible witnesses. For instance, the defendant testified that he had a fair recollection of one of the persons who sold the cocaine to him. Significantly, the defendant has failed to demonstrate how the failure to recall certain facts will actually prejudice his defense (see *People v Alderson,* 55 AD2d 977, *supra).* In view of the defendant's ability to recall the events of the two transactions and the availability of key witnesses, it must be concluded that there was no significant degree of actual prejudice occasioned by the delay.

Consideration of the nature of the offense further requires that the relatively short preaccusatory delay be excused. The Legislature has determined that the sale of cocaine constitutes a grave risk to society and has imposed severe penal sanctions (see, generally, Penal Law, arts 70, 220) with an unlimited Statute of Limitations (CPL 30.10, subd 2, par [a]). Consequently, persons who commit such crimes must be fully and relentlessly prosecuted.

Upon the above analysis, it is plain that there was no due

process violation of the defendant's right to a prompt prosecution. The delay was not particularly long and was justified by a good faith, reasonable excuse. The defendant failed to establish any significant degree of actual prejudice resulting from the delay. The preindictment delay in this case was not so substantial as to justify defeating the public's interest in prosecuting the defendant for the commission of relatively serious crimes. Therefore, the order appealed from should be reversed and the indictment should be reinstated.

TITONE, J. (dissenting). I agree with the County Court's conclusion after a *Townsend* hearing *(People v Townsend,* 38 AD2d 569), that insufficient evidence was adduced thereat to sustain the People's claim that the seven-month delay between the alleged sale *by defendant was justified by an "ongoing" or "continuing" investigation,* and a need to protect the identity of the informer and the undercover police officer.

The majority is of the opinion that the statutory requirement of showing "exceptional circumstances" is inapplicable (see CPL 30.30, subd 4, par [g]). However, in *People v Washington* (43 NY2d 772, 773), a case in which the People urged an "ongoing narcotics investigation" as an excuse to justify a seven-month delay between defendant's felony indictment and his arrest thereunder, the Court of Appeals succinctly stated *(supra,* pp 773-774): "They urge as an excuse an ongoing narcotics investigation. However, the proof of such investigation was deficient * * * *Statutory examples of exceptional circumstances would entail at least probable availability of new evidence within a reasonable period of time, and a justified need for additional time to prepare the People's case.* The statutory exception, then, if it is to be given reasonable effect and it is to fulfill the legislative purpose, must be limited to instances in which the prosecution's inability to proceed is justified by the purposes of the investigation and credible, vigorous activity in pursuing it." (Emphasis supplied.)

In his opinion for the majority, Mr. Justice RABIN further opines that since the instant delay occurred prior to the commencement of the criminal proceeding, the constitutional guarantee of a speedy trial, and the cases decided thereunder, are inapplicable. Yet, in *People v Townsend* (38 AD2d 569, *supra),* in which he sat as Presiding Justice, this court remanded a drug related case for a hearing to determine whether the preindictment delay was occasioned by the Dis-

trict Attorney and held the appeal in abeyance. We stated therein *(supra,* p 569): "On these papers, a valid explanation has not been given for the preindictment delay. *When there has been a delay of almost a year in informing the defendant of the charges against him, a mere claim that the police department records indicate a continuing narcotics investigation is not sufficient.* A hearing must be held to determine whether the preindictment delay was reasonable." (Emphasis supplied.)

Contrary to the thrust of the majority opinion, the courts in this State have not drawn a fine distinction between preaccusatory (due process) and postaccusatory (6th Amdt) delays. An untimely prosecution may be subject to dismissal even though, in the interim, the defendant was not formally accused, restrained or incarcerated during the delay *(People v Singer,* 44 NY2d 241).

In the matter at bar, the People's assertion that an "ongoing" investigation of narcotics cases necessitated the seven-month delay is belied by the record. The undercover officer admitted, during his testimony, that persons involved in other narcotics cases being investigated in the Town of Greenburgh had no connection with this defendant. He also conceded that he had been engaged in undercover work in the area for more than five years. As the County Court aptly indicated, certainly other cases stemming from the officer's undercover operations must have been presented to the Grand Jury during that period, and yet there is no indication that his true identity was ever exposed as a result of such presentations. Further, with respect to the contention that the delay was occasioned by a need to protect the identity of the informer and the undercover police officer, the officer admitted that (1) he had worked with the informer for a period of only a couple of months prior to the commission of the alleged offenses involving defendant, and for only a month thereafter, and (2) he did not know whether the informer was still actively helping the police in such capacity after completing his work with the officer.

Moreover, contrary to the position taken by the People, the officer did not carry on his undercover work in an extremely limited area. He testified at the hearing that his area of operation was in the northern part of the Town of Greenburgh which, the County Court noted, was the largest town in the State of New York.

Finally, another important factor militating against the need for continued secrecy is that the officer, for the first 7 years of his 12 years on the Town of Greenburgh's police force, was engaged in everyday police activity. Many persons residing in the town would reasonably be thought to have known him as a police officer. Furthermore, the officer admitted that even while he worked undercover, some of the people in the town were aware of his purportedly clandestine role in narcotics investigations.

Mention must also be made as to the length of a preindictment delay as a sufficient predicate for dismissal of an indictment. The inference that may be taken from a reading of the majority opinion is that only a delay unconscionable on its face may constitute the sole basis for dismissing an indictment. However, in *People v Charette* (57 AD2d 594), this court remanded the case for a hearing on defendant's motion to dismiss the indictment, where the preindictment delay was only four months. In *People v Valentin* (46 AD2d 906), it was nine months. As previously noted, the Court of Appeals, in *People v Washington* (43 NY2d 772, 773, *supra*), dismissed the indictment where the delay was, as in this case, a *mere* seven months.

Under the circumstances, I believe the defendant did not have to show that he was prejudiced by the seven-month delay. As I read the Court of Appeals decision in *People v Singer* (44 NY2d 241, *supra*), a lack of justification for an unreasonable delay is the touchstone for determining whether a defendant's due process right to prompt prosecution has been violated. As stated by this court in *People ex rel. Allen v Dalsheim* (63 AD2d 973), involving an unjustified 10-month delay between arrest and a final parole hearing: "In the light of the inordinate length of the delay, his failure to allege prejudice is not relevant."

In any event, I concur with the County Court's conclusion that the delay herein did cause defendant to suffer actual prejudice. The only conclusion that can be reasonably drawn from a reading of the hearing transcript is that the delay clouded defendant's recollection both as to the places where the two alleged sales occurred and as to important details surrounding the identity of the sellers. Such information would be crucial since defendant would undoubtedly raise an agency defense at any trial.

Accordingly, I would affirm the County Court's dismissal of the indictment.

MARTUSCELLO, J. P., and HAWKINS, J., concur with RABIN, J.; TITONE, J., dissents and votes to affirm the order, with an opinion.

Order of the County Court, Westchester County, reversed, on the law and the facts, motion denied and indictment reinstated.