■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAESAR A. MARSHALL, JR., Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered October 6, 1978, convicting him of

attempted burglary in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for a review the denial, without a hearing, of defendant's motion to dismiss the indictment on the ground he was denied the right to a speedy trial. Case remanded to Criminal Term for a hearing and new determination of defendant's motion to dismiss the indictment on the ground of denial of a speedy trial. Appeal held in abeyance in the interim. There has been a 14-month hiatus between the alleged criminal activity in October, 1976 and the defendant's arrest and indictment in December, 1977. Although some of this delay is clearly attributable to the defendant who went to California a few days after the crimes in question were committed, the record shows that in January, 1977 he was detained by California authorities for purposes of extradition to New York. The extradition proceedings were apparently abandoned and the defendant was not rearrested until December, 1977 when he was in New York. No explanation has been given for the failure to complete extradition. In these circumstances it was error to deny defendant's motion to dismiss the indictment without first conducting a hearing to determine whether he was denied due process of law by virtue of the preindictment delay (see *People v Charette,* 57 AD2d 594; cf. *People v Bryant,* 65 AD2d 333, app dsmd 46 NY2d 1037). In making such determination, Criminal Term should consider "(1) the length of the delay; (2) the reason for the delay; (3) the degree of actual prejudice to the defendant; and (4) the seriousness of the underlying offense" *(People v Bryant, supra,* p 336). Consideration should also be given to whether the period of unexcused delay was so protracted as to itself constitute a denial of due process (see *People v Singer,* 44 NY2d 241). O'Connor, J. P., Rabin, Gulotta and Margett, JJ., concur.