■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAESAR A. MARSHALL, JR., Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered October 6, 1978, convicting him of attempted burglary in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, without a hearing, of defendant's motion to dismiss the indictment on the ground that he was denied the right to a speedy trial. By order of this court dated November 19, 1979, the case was remitted to Criminal Term to hear and report on defendant's motion to dismiss the indictment upon the ground of the denial to him of his right to a speedy trial, and the appeal has been held in abeyance in the interim (People v Marshall, 72 AD2d 799). Criminal Term has now complied and rendered a report in accordance therewith. Judgment affirmed. No opinion. Rabin, J. P., Gulotta, Margett and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN McKUTCHEN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered June 27, 1975, convicting him of two counts of criminally selling a controlled substance in the third degree, upon a jury verdict and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. In the instant case, the dominant issue was one of identity and the resolution of that issue depended solely upon the jury's assessment of the relative credibility of the defendant versus the People's only eyewitness, an undercover narcotics investigator. However, the prosecutor, during summation, improperly sought to bolster the credibility of this all-important witness by implying rather broadly that the latter, "an outstanding police officer" with "a distinguished career", was a person to be believed (see People v Perez, 69 AD2d 891, 892) and further sought to advance his cause by gratuitously interjecting his own veracity and the prestige of his office into the case against the defendant by arguing, in effect,that had the People been attempting to "frame" Mr. McKutchen "we would [have] do[ne] a better job" (emphasis supplied; see People v Lovello, 1 NY2d 436, 438; People v Dennis, 62 AD2d 1022; People v Figueroa, 38 AD2d 595; see, also, People v Carter, 40 NY2d 933, 934; People v Jackson, 7 NY2d 142, 144; People v Morris, 42 AD2d 968, affd 36 NY2d 877). For these reasons, defendant's conviction cannot be sustained (see People v Tartaglia, 35 NY2d 918). As the foregoing in our view constituted reversible error, we find it unnecessary to pass upon the remaining issues presented, except to observe that it does not presently appear that any motion was ever made before Criminal Term to require that the identity of the alleged confidential informant be disclosed (cf. People v White, 57 AD2d 967). The determination of any such motion as may be made in futuro is not properly before us at this time. Mangano, J. P., Gulotta, Cohalan and Margett, JJ., concur.