OPINION OF THE COURT
Per Curiam.
Order entered April 14, 1989 reversed, on the law, motion denied, and the accusatory instrument reinstated.
*348 This misdemeanor prosecution was commenced for purposes of CPL 30.30 on March 2, 1989, the date defendant first appeared in court in response to the desk appearance ticket issued upon his arrest on October 10, 1988 (CPL 30.30 [5] [b], as amended by L 1982, ch 109 [eff May 18, 1982]). In concluding otherwise and holding that the criminal action was “constructively commenced” on October 28, 1988, the return date specified in the appearance ticket, the court below focused improperly upon the circumstances that defendant was incarcerated on other, unrelated charges on the October 28 appearance date and that defendant’s location arguably could then have been ascertained by “due diligence”. The court’s ruling is contrary to the plain language of CPL 30.30 (5) (b), which provides as follows: ”[w]here a defendant has been served with an appearance ticket, the criminal action must be deemed to have commenced on the date the defendant first appears in a local criminal court in response to the ticket”. The statute is cast in mandatory terms and provides for no “due diligence” or other exceptions (cf, CPL 30.30 [4] [c]). Although delays engendered by the People’s lack of diligence in locating and producing an incarcerated defendant for arraignment may support a dismissal based upon a violation of the defendant’s due process right to a speedy trial, such precommencement delays are not relevant in the calculation of statutory speedy trial time under CPL 30.30 (People v Cooper, 142 Misc 2d 820; see also, People v Bryant, 65 AD2d 333, appeal dismissed 46 NY2d 1037; People v Alderson, 55 AD2d 977). In the absence of any due process claim here, and since the total time chargeable to the prosecution was within the statutory limit required by CPL 30.30, defendant’s dismissal motion should have been denied.
Ostrau, P. J., Sandifer and Miller, JJ., concur.,