OPINION OF THE COURT
Bernard S. Greenbaum, J.
The defendant is charged with criminal possession of a controlled substance in the seventh degree in violation of Penal Law § 220.03.
*105 The defendant, in an omnibus motion, is seeking: (1) dismissal of the accusatory instrument pursuant to CPL 30.30; (2) suppression of physical evidence; (3) CPL 240.43 relief; and (4) reservation of rights.
The court has reviewed the defendant’s moving papers and the court file and finds as follows:
DISMISSAL PURSUANT TO CPL 30.30
The branch of defendant’s motion seeking to dismiss the information pursuant to CPL 30.30 is denied.
The facts presented in defendant’s motion papers are uncontroverted. The defendant was arrested and charged with criminal possession of a controlled substance in the seventh degree. He was issued a desk appearance ticket returnable on January 8, 1991. The defendant failed to appear in court on January 8, 1991, and a warrant was ordered. Sometime between defendant’s arrest in the instant matter and January 9, 1991, the defendant was rearrested and incarcerated on other charges. Thus, the defendant’s absence on January 8, 1991 was occasioned by the defendant’s incarceration on an unrelated matter. The defendant’s first appearance in local criminal court on this docket was on July 3, 1991, at which time he was arraigned. The defendant asserts that the 176-day period between January 8, 1991, the return date on the desk appearance ticket, and July 3, 1991, the date the defendant first appeared in court in response to the ticket, should be charged to the People. On that basis, pursuant to CPL 30.30 (1) (b), the defendant moves to dismiss alleging that more than 90 days have elapsed since the commencement of the criminal action. Such motion must be denied as a matter of law.
CPL 30.30 (1) sets forth speedy trial time limitations. The statute expressly sets forth, in plain language, that computation of all time limitations begin with the "commencement of a criminal action”. The statute clearly mandates that the commencement of a criminal action where a defendant has been served with an appearance ticket "must be deemed to have commenced on the date the defendant first appears in a local criminal court in response to the ticket”. (CPL 30.30 [5] [b] [emphasis added].) Thus, time limitations pursuant to CPL 30.30 where a defendant has been issued a desk appearance ticket do not start running until the defendant first appears in local criminal court in response to the ticket. (People v Cooper, 142 Misc 2d 820 [1989].) Pursuant to the plain language of *106 CPL 30.30 (1) (b) and 30.30 (5) (b), any time prior to defendant’s first appearance in response to a desk appearance ticket is not charged to the People because the case was not "commenced”.
However, in the past defendants have attempted to carve out an exception to the above statutory rule where a defendant’s appearance in response to a desk appearance ticket was precluded due to a rearrest or incarceration on other, unrelated charges. In these instances defendants have argued that the due diligence requirement contained in CPL 30.30 (4) (c) should be applied. Several courts have agreed with such arguments. (See, People v Anderson, 127 Misc 2d 808 [1985]; People v Felder, 132 Misc 2d 79 [1986].)
However, the Appellate Term of the Supreme Court for the First Department effectively overruled those decisions when it held, in People v Parris (148 Misc 2d 347 [App Term, 1st Dept 1990]), that delays caused by the People’s lack of diligence in locating and producing an incarcerated defendant for arraignment are not relevant in the calculation of statutory speedy trial time when a defendant has failed to appear for arraignment on a desk appearance ticket. The Parris case further held that the commencement date formula set forth in CPL 30.30 (5) (b) is mandatory and does not provide for due diligence or other exceptions. Therefore, the time prior to a defendant’s first appearance in local criminal court in response to a desk appearance ticket is not chargeable to the People even if the defendant’s absence is due to the fact that the defendant is incarcerated.
Next, the defendant argues that his appearance in Supreme Court on other unrelated matters should be deemed a constructive appearance, thus starting the CPL 30.30 time clock. Defendant relies on People v Flores (151 Misc 2d 185 [Crim Ct, Kings County]), in which Judge Cross held that where an incarcerated defendant expressly communicates with the District Attorney’s office and the court through numerous letters and the filing of several pro se motions on the warranted matter, such communications and filings may be deemed a constructive appearance sufficient to commence the action for CPL 30.30 purposes. The defendant’s reliance on Flores is misplaced here. The defendant in this case has not established that he made a constructive appearance on the warranted matter. Appearing in court on unrelated matters without more does not rise to the level of a constructive appearance as outlined in People v Flores. There is no indication that this *107 defendant ever informed anyone that he had pending matters in Criminal Court. He did not write letters nor file papers with respect to the pending matter. To hold that a defendant’s mere appearance in court on one matter constitutes a constructive appearance on another unrelated desk appearance ticket matter would render CPL 30.30 (5) (b) meaningless. Such holding would add a due diligence requirement to CPL 30.30 (5) (b) and stand in direct opposition to the Appellate Term’s holding in People v Parris (supra). Thus, this court holds that a mere appearance in court on an unrelated matter without more is insufficient to be deemed a constructive appearance on a desk appearance ticket matter for the purposes of commencing the desk appearance ticket matter pursuant to CPL 30.30 (5) (b).
Therefore, the 176-day period prior to defendant’s July 3, 1991 arraignment is excluded and the defendant’s motion to dismiss pursuant to CPL 30.30 is denied
SUPPRESSION OF PHYSICAL EVIDENCE
The branch of defendant’s motion seeking to suppress physical evidence is granted to the extent that a Mapp hearing shall be held prior to trial.
CPL 240.43 DISCLOSURE
The branch of the defendant’s motion seeking CPL 240.43 relief is granted to the extent that this branch of the defendant’s motion may be brought before the Trial Judge.
RESERVATION OF RIGHTS
The defendant’s right to make further motions is reserved to the extent indicated in CPL 255.20.