(February 9, 1995)

■ The People of the State of New York, Respondent, v Jessie Williams, Appellant. [622 NYS2d 275] —Judgment, Supreme Court, Bronx County (Joseph A. Cerbone, J.), rendered June 14, 1990, after trial by jury, convicting defendant of two counts of attempted murder in the second degree and sentencing him as a predicate violent felony offender to two concurrent terms of 7½ to 15 years, unanimously reversed, on the law and on the facts, and as a matter of discretion in the interest of justice, and the matter remanded for a new trial.

The basis for the reversal of this case lies in the prose-

cutor's repeated disregard of the rulings of the trial court and his persistence in asking improper questions of witnesses so that the constitutional right of defendant to a fair trial was violated. Defendant, for instance, had been apprehended while driving a white Nissan Pathfinder. Although there had been no evidence that such automobile had been in the neighborhood at the time of the shooting of which defendant was accused, the prosecutor attempted to question a detective about what that detective may have been told by one of the witnesses to the shooting. Defense objections to three such questions were sustained and the court told the prosecutor: "I don't want to hear anything about the white Pathfinder. Let's move on." The prosecutor's next question was: "Was the white Pathfinder found on the street that day?" The court took counsel into the robing room and threatened the prosecutor with contempt.

This behavior of the prosecutor was very similar to that of the prosecutor in *People v Alicea* (37 NY2d 601, 604), where it was found that such conduct had so impaired the development of the factual issues and the presentation of testimony as to jeopardize the fairness of the trial. In *People v Steinhardt* (9 NY2d 267, 271-272), the Court rejected the People's argument that the defendant had had a fair trial despite the prosecutor's behavior, stating that the fundamentals of fair trial had to be respected even where the proof is persuasive of defendant's guilt and that a decent respect for the courts and the law, aside from defendant's rights, required that the trial be declared a nullity regardless of strong evidence of guilt *(see also, People v Crimmins,* 36 NY2d 230, 238).

The prosecutor also persisted, despite the court's directive, in the error of repeating the last answer of witnesses as a preface to the next question *(People v Coates,* 137 AD2d 192, 201, *affd* 74 NY2d 244). When his own witnesses were cross-examined, the prosecutor would interject observations instead of waiting for the redirect examination of such witness. He argued in his summation from alleged police reports that were not in evidence, and in the process bolstered the testimony of his police officer and other witnesses. Twice he conveyed to the jury, first during his examination of Detective Crews and then on summation, that defendant had had prior involvement with the police. A prosecutor may not try to convey to the jury that a defendant is guilty of other crimes not in issue *(People v Ashwal,* 39 NY2d 105, 110). The prosecutor improperly argued for the credibility of his witnesses by saying on summation that had there been a conspiracy the witnesses

would have "gotten their stories together better" *(see, People v McKutchen,* 76 AD2d 934).

The cumulative effect of the prosecutor's conduct would have been to deprive defendant of a fair trial even if no one act would have warranted reversal *(see, People v Shanis,* 36 NY2d 697, 699). But here, the persistent refusal of the prosecutor to obey the directives of the court and especially his contumacy in striving to utilize leading questions in order to introduce hearsay into the evidence, despite the directives of the court, call for a reversal of defendant's conviction. Concur —Murphy, P. J., Ellerin, Ross, Nardelli and Williams, JJ.