■ NORTHSIDE STUDIOS, INC., Respondent, v VINCENT TREC-CAGNOLI et al., Defendants, and ELIZABETH KARP et al., Appellants. [692 NYS2d 161] —In an action, *inter alia,* for specific performance of a contract for the sale of real property, the defendants Elizabeth Karp and Original Lucy's, Inc., appeal from so much of an order of the Supreme Court, Kings County (G. Aronin, J.), dated June 24, 1998, as granted the plaintiff's motion for a preliminary injunction and, in effect, *sua sponte* granted additional preliminary injunctive relief to the plaintiff.

Ordered that the notice of appeal from so much of the order as, in effect, *sua sponte* granted additional preliminary injunctive relief to the plaintiff, is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order is modified by deleting subparagraph 4 of the first decretal paragraph thereof; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Initially, we note that the court granted relief to the plaintiff which was not specifically requested in its motion for a preliminary injunction. The plaintiff's motion papers did not contain a request for an award of such other relief as the court might deem proper. Thus, to the extent that the court awarded such unrequested, injunctive relief, it did so *sua sponte.* The granting of relief *sua sponte* does not decide a motion made on notice and to that extent the order is appealable only by permission (*see,* CPLR 5701 [a] [2]; [c]). Under the circumstances of this case, we exercise our discretion and grant leave to appeal from that portion of the order which granted additional preliminary injunctive relief.

The plaintiff sufficiently demonstrated its entitlement to injunctive relief by showing that there was a likelihood of its ultimate success on the merits, that it would suffer irreparable injury absent the preliminary injunction, and that the balance of the equities was in its favor (*see, Aetna Ins. Co. v Capasso,* 75 NY2d 860; *Doe v Axelrod,* 73 NY2d 748). Thus, we do not find that the granting of a preliminary injunction to the extent requested by the plaintiff constituted an improvident exercise of discretion (*cf., Doe v Axelrod, supra,* at 750). The court improvidently awarded the additional preliminary injunctive relief set forth in subparagraph 4 of the first decretal paragraph of the order appealed from. This additional relief was neither

requested in the plaintiff's order to show cause (*see,* CPLR 2214 [a]) nor related to the relief requested in the order to show cause (*see, Condon v Condon,* 53 AD2d 622, 623; *see also, Marx v Merchants' Natl. Props.,* 148 Misc 6, 7).

The appellants' remaining contentions are without merit. Ritter, J. P., Santucci, Luciano and H. Miller, JJ., concur.