■ RAM ISLAND HOMEOWNERS ASSOCIATION et al., Appellants, v HATHAWAY REALTY et al., Respondents. [697 NYS2d 662] —In an action, *inter alia,* to permanently enjoin the defendants from violating zoning restrictions on certain property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Kitson, J.), dated June 15, 1998, as granted that branch of the defendants' motion which was to dismiss the complaint insofar as asserted by the plaintiffs Matthew Bonora and John Loconsolo on the ground that they lacked standing to bring the action, and denied that branch of their motion which was for a preliminary injunction.

Ordered that the appeal by the Ram Island Homeowners Association and Richard Demarest from so much of the order as dismissed the complaint insofar as asserted by the plaintiffs

Matthew Bonora and John Loconsolo is dismissed, as they are not aggrieved by that part of the order; and it is further,

Ordered that the order is affirmed insofar as reviewed, with costs.

The instant action arose out of, *inter alia*, alleged zoning violations on property owned by the defendants on Shelter Island in Suffolk County. During the course of the action, the plaintiffs moved to preliminarily enjoin the defendants from committing the alleged violations during the pendency of the action. The defendants cross-moved, among other things, for summary judgment dismissing the complaint, arguing, *inter alia*, that the plaintiffs did not have standing to maintain their private action to enjoin the alleged violations. The Supreme Court properly found that the plaintiffs Matthew Bonora and John Loconsolo did not have standing.

The Supreme Court properly denied that branch of the plaintiffs' motion which was for a preliminary injunction. It is well settled that in order to prevail on a motion for a preliminary injunction, the movant must show a likelihood of ultimate success on the merits, that it will suffer irreparable injury absent the preliminary injunction, and that the balance of the equities is in its favor (*see, Aetna Ins. Co. v Capasso,* 75 NY2d 860; *Northside Studios v Treccagnoli,* 262 AD2d 469). The plaintiffs failed to show that they would suffer irreparable injury without the injunction, or that the equities balanced in their favor.

The plaintiffs' remaining contentions are without merit. Thompson, J. P., Joy, McGinity and Feuerstein, JJ., concur.