STLB Realty Inc. v M&T Bank Corp. (2024 NY Slip Op 50215(U))

[*1]

STLB Realty Inc. v M&T Bank Corp.

2024 NY Slip Op 50215(U)

Decided on March 1, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 1, 2024
Supreme Court, Kings County

STLB Realty Inc., Plaintiff,

against
M&T Bank Corporation, Defendant.

Index No. 504175/2024

Parker Ibrahim & Berg LLP, New York City (Scott W. Parker of counsel) for Defendant.

Aaron D. Maslow, J.

The following numbered papers were used on this motion:
Submitted by Plaintiff
NYSCEF Doc No. 8: Proposed Order to Show Cause
NYSCEF Doc No. 9: Affirmation of Abraham Rosenberg in Support
NYSCEF Doc No. 10: Exhibit A — Bank Statement
NYSCEF Doc No. 11: Emergency Affirmation of Avinoam Y. Rosenfeld, Esq.
NYSCEF Doc No. 12: Affirmation of Avinoam Y. Rosenfeld, Esq. Pursuant to Rules
NYSCEF Doc No. 13: Emergency Affirmation of Avinoam Y. Rosenfeld, Esq.
NYSCEF Doc No. 14: Affirmation of Avinoam Y. Rosenfeld, Esq. Pursuant to Rules
NYSCEF Doc No. 15: Request for Judicial Intervention
NYSCEF Doc No. 16: Order to Show Cause
Submitted by Defendant
NYSCEF Doc No. 17: Affirmation of Scott W. Parker in Opposition
NYSCEF Doc No. 18: Exhibit 1 — Emails
NYSCEF Doc No. 19: Exhibit 2 — SEC Filing
NYSCEF Doc No. 20: Affirmation of Service
 Question Presented
Must the grounds for relief be included in an order to show cause?

 Background
Plaintiff filed a summons and complaint on February 9, 2024, alleging that Defendant bank was supposed to pay Plaintiff $100,000 reflected in a check issued by Abraham Rosenberg to Plaintiff as a loan and that Defendant bank failed to do, thus significantly damaging Plaintiff (see NYSCEF Doc No. 1, complaint).[FN1]

On the same day, Plaintiff submitted a proposed order to show cause seeking the following relief:
Declaring that (a) M&T must remove any restrictions on Plaintiff's account (No. [ ] (the Account")), (b) M&T must credit the account in the amount of One Hundred Thousand ($1000,000.00) Dollars, or in the alternative, deposit said amount with the Court (c) M&T is prohibited from taking any action that would interfere with Plaintiff's access to funds in the account, and (d) Plaintiff is entitled to such other and further relief as the Court deems just and proper.
(NYSCEF Doc No. 16, Order to Show Cause.)
The order to show cause was signed by the Court and made returnable on February 29, 2024. Plaintiff failed to appear in support of its motion brought on by order to show cause. Defendant appeared and opposed Plaintiff's motion. Defendant argued that it was not properly served and, indeed, Plaintiff did not submit proof of service onto NYSCEF.

 Discussion
The Court reviewed all the papers in an effort to identify the grounds for the relief requested in the order to show cause. Nowhere are they set forth in the order to show cause, the non-party affidavit of Abraham Rosenberg, or the affidavits of attorney Avinoam Y. Rosenfeld. Mr. Rosenfeld's affirmation in support (submitted twice, as NYSCEF Doc Nos. 11 and 13) references an Exhibit A to an affidavit of Alexis White, but there is no affidavit from such a person submitted on this motion. Mr. Rosenberg's brief affidavit asserts that he loaned money to Plaintiff by check, Defendant questioned the authenticity of his check, and Defendant did not credit Plaintiff with the money. The motion papers do not contain a copy of the check — not even a redacted copy.
The Court is perplexed that Plaintiff seeks affirmative relief regarding the payment of money without the grounds for such relief being offered. CPLR 2214 requires that the grounds for relief demanded be specified in a notice of motion. Here, the motion was brought on by order to show cause, not by notice of motion. An order to show cause may be utilized in lieu of a notice of motion (CPLR 2214 [d]). Logically, the same requirements for a notice of motion — "A notice of motion shall specify the time and place of the hearing on the motion, the supporting papers upon which the motion is based, the relief demanded and the grounds therefor" (CPLR 214 [a]) — apply to an order to show cause (see Siegel & Connors, New York Practice § 248 [6th ed. 2018]).
The grounds for the relief requested by Plaintiff were not set forth and it is evident that the papers submitted on the motion are incomplete since they refer to an affidavit of Alexis White which was not included. The complaint was not annexed as an exhibit to the motion papers. There is no legal basis provided by Plaintiff for the requested relief of honoring Mr. [*2]Rosenberg's check and paying into Plaintiff's bank account the $100,000 reflected in the check. No statutory provisions, case law, or legal analysis is cited or provided by Plaintiff. While an explicit statute or regulation need not be set forth (see Rosenheck v Schachter, 194 AD3d 1144 [3d Dept 2021]; Blauman-Spindler v Blauman, 68 AD3d 1105 [2d Dept 2009]), the legal theory underpinning the requested relief must be explained to the adversary and the court. As stated by the Second Department, "The court improvidently awarded the additional preliminary injunctive relief set forth in subparagraph 4 of the first decretal paragraph of the order appealed from. This additional relief was neither requested in the plaintiff's order to show cause (see, CPLR 2214 [a]) nor related to the relief requested in the order to show cause (see, Condon v Condon, 53 AD2d 622, 623; see also, Marx v Merchants' Natl. Props., 148 Misc 6, 7)." (Northside Studios v Treccagnoli, 262 AD2d 469, 469-470 [2d Dept 1999].)

 Conclusion
Accordingly, the instant motion brought on by order to show cause is DENIED for two reasons: (1) Plaintiff did not specify the grounds for the requested relief in the order to show cause, and (2) proof of service of the order to show cause and supporting papers was not submitted. Any other issues raised by Defendant are deemed academic.
Dated: March 1, 2024
Hon. Aaron D. Maslow

Footnotes

Footnote 1:The Court takes judicial notice of the complaint, filed as NYSCEF Doc No. 1, a copy of which was not included in Plaintiff's motion papers (see Currier v Woodlawn Cemetery, 300 NY 162, 169 [1949]).