■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE VASQUEZ, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County, rendered November 27, 1978, convicting him of absconding from temporary release in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of the branch of defendant's motion which was to dismiss the indictment based upon preindictment delay. Case remitted to the County Court, Westchester County, to hear and report on the branch of defendant's motion which sought to dismiss based upon preindictment delay, and appeal held in abeyance in the interim. The County Court should proceed with all deliberate speed. It was error for the court to deny, without a hearing, defendant's pretrial motion to dis-

miss the indictment to the extent that such motion raised the issue of a denial of due process stemming from preindictment delay. The court erred in basing its summary denial on the ground that the defendant failed to allege or show actual prejudice resulting from the delay (See *People v Singer*, 44 NY2d 241, 254; *People v Staley*, 41 NY2d 789, 792). In view of the considerable length of the delay between the defendant's arrest on unrelated charges and the return of the instant indictment—some 20 months—a proper balancing of the relevant factors demands that a hearing be conducted to determine the reasons, if any, for the prosecutorial hiatus and the degree to which the defense may have been prejudiced by the delay (cf. *People v Singer*, supra, p 255; see, also, *People v Staley*, supra; *People v Bryant*, 65 AD2d 333). We therefore remit the matter to the County Court for a hearing. We have examined the remaining contentions raised by the defendant and find them to be lacking in merit. Mollen, P. J., Titone, Margett and Weinstein, JJ., concur.