■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RONALD BEST, Respondent. — Appeal by the People from an order of the Supreme Court, Kings County (Vetrano, J.), dated January 12, 1981, which granted defendant's motion to dismiss the indictment, charging him with bail jumping in the first degree, upon the ground that the defendant was denied due process. Order reversed, on the law, motion denied, indictment reinstated, and case remitted to the Supreme Court, Kings County, for further proceedings on the indictment. Criminal Term erred in finding a due process violation of defendant's right to a speedy trial on the basis of length of delay alone. While it is correct that delay without actual prejudice to defendant can nonetheless violate due process, this is only where other factors exist aside from prejudice. Due process claims are evaluated on an *ad hoc* basis *(People v Taranovich,* 37 NY2d 442, 445). This court in *People v Bryant* (65 AD2d 333, 336, app dsmd 46 NY2d 1037) identified four factors of primary importance: (1) length of delay; (2) the reason for the delay; (3) the degree of actual prejudice to the defendant; and (4) the seriousness of the underlying offense. Though Criminal Term considered these factors it found that the period of preindictment delay chargeable to the People, 19½ months, per se constituted prejudice. Such a per se rule has repeatedly been rejected (see *People v Taranovich, supra,* p 445; *People v Bryant, supra,* p 337). The record fails to establish that the delay in indictment was due to an attempt by the People to gain a tactical advantage over defendant. Defendant was a fugitive for 18½ months, and six of the remaining months following defendant's apprehension were spent in mutual plea negotiations. Moreover, the People's reason for the delay — conservation of prosecutorial and judicial resources — is a reasonable one. Even if defendant had been indicted for bail jumping upon commission of the crime, further prosecution would have had to cease until his apprehension, 18½ months later. Plea negotiations on another outstanding indictment for six out of seven of the remaining months was a reasonable attempt to avoid the necessity to indict on the bail-jumping charge. Nor was there any prejudice shown by defendant by reason of any delay. Gibbons, J. P., Gulotta, Cohalan and Bracken, JJ., concur.