■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GARY LEMAR MITCHELL, Respondent. — Appeal by the People from an order of the Supreme Court, Richmond County (Felig, J.), dated March 10, 1981, which granted the defendant's motion to dismiss the indictment for failure to prosecute. Order reversed, on the law, and case remitted to Criminal Term for further proceedings consistent herewith. Criminal Term erred in summarily granting the defendant's motion to dismiss the indictment for failure to prosecute. The prosecution claims that during most of the preindictment period, the defendant could not be located, despite diligent efforts by the police. This claim, if substantiated, would constitute good cause for the prosecution's delay in obtaining an indictment (see *People v Staley,* 41 NY2d 789; *People v Best,* 83 AD2d 881). A hearing is required to determine whether the police, in fact, exercised due diligence in their efforts to locate the defendant. Hopkins, J. P., Damiani, Titone and Rabin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALPHONSO POPE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Tsoucalas, J.), rendered December 10, 1979, convicting him of robbery in the second degree (two counts), upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. The complainant testified that he had been robbed and beaten by a group of youths, while he was traveling on a subway train. As the sole identifying witness called by the prosecution, he specifically testified that shortly after the robbery he had identified appellant and his codefendant as two of his assailants. In addition, he was able to identify appellant at trial. Although on cross-examination the complainant admitted that he had previously misdescribed appellant as wearing a brown jacket, he nevertheless testified that he was positive of his identification of appellant at the time of the incident, as well as at trial. Under these circumstances, it was improper for the trial court to permit three police officers to testify, in substance, as to the complainant's identification of appellant shortly after the incident (see *People v Trowbridge,* 305 NY 471; *People v Ross,* 79 AD2d 666). "[T]he extensive and repeated violations of the *Trowbridge* rule *cannot* be overlooked inasmuch as 'the evidence of identity is [not] so strong that there is no serious issue upon the point' *(People v Caserta,* 19 NY2d 18, 21; *People v Napoletano,* 58 AD2d 83, 91)" *(People v Ross, supra,* p 667). In light of our determination, we need not reach the other issues raised by defendant. Hopkins, J. P., Mangano, Rabin and Cohalan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER POTULSKI, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Vetrano, J. at plea, Lodato, J. at sentence), rendered May 5, 1980, convicting him of criminal possession of a weapon in the third degree, upon a plea of guilty, and imposing sentence. Judgment affirmed. We have reviewed defendant's arguments regarding the motion to suppress and the propriety of the sentence imposed and find them to be without merit. (See *Rakas v Illinois,* 439 US 128; cf. *People v David L.,* 81 AD2d 893; *People v Ingle,* 36 NY2d 413; *Pennsylvania v Mimms,* 434 US 106; *Delaware v Prouse,* 440 US 648; *People v Duffy,* 83 AD2d 563.) Hopkins, J. P., Damiani, Titone and Rabin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY THONNESEN, Appellant. — Judgment of the County Court, Westchester County (Couzens, J.), rendered March 16, 1978, affirmed. No opinion. This case is remitted to the County Court, Westchester County, for further proceedings pursuant to CPL 460.50 (subd 5). Mangano, J. P., Weinstein, Thompson and Bracken, JJ., concur.