■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANGELO BONSAU-GER, Respondent. — Appeal by the People from an order of the Supreme Court, Queens County (Rubin, J.), dated October 27, 1981, which granted defendant's motion to dismiss the indictment on the ground that the two-year preindictment delay constituted a denial of due process. Order reversed, on the law, motion denied, indictment reinstated, and matter remitted to Criminal Term for further proceedings. Defendant was indicted on February 20, 1981 for the crime of bribery in the second degree. The charge arose out of an incident on February 23, 1979, in which defendant allegedly offered a bribe to an undercover officer assigned to the Department of Investigation who was posing as an inspector for the Department of Consumer Affairs as part of a city-wide investigation of Department of Consumer Affairs inspectors begun in September, 1978. Defendant surrendered on April 2, 1981 and thereafter by notice of motion dated April 13, 1981 he moved to dismiss the indictment. A hearing was conducted on July 21, 1981 at which the People's sole witness was an investigator from the Department of Investigation who testified that he was the "control officer" for the undercover officer whom defendant is alleged to have bribed. He stated that the undercover officer was withdrawn from the investigation on June 15, 1979 and that for the next six months the investigators listened to tapes, making identifications and transcripts. Sometime in early 1980 one of the targeted consumer affairs inspectors agreed to co-operate with the investigation, as a result of which cases were developed against several additional inspectors. In August, 1980 the information derived from the investigation was turned over to the Kings County District Attorney and thereafter, on or about November 6, 1980, following the filing of indictments in Kings County, the information was given to the Queens County District Attorney. The witness conceded that defendant's identity was known to the investigators on February 23, 1979 (the day of the alleged bribery), but stated that the reason he was not arrested at that time was because of the ongoing nature of the investigation. Defendant, testifying on his own behalf, stated that he did not remember whether an inspector had come into his store on February 23, 1979. Criminal Term dismissed the indictment on the ground that the preindictment delay infringed upon defendant's due process right to a prompt prosecution. The court found, *inter alia*, that the People had failed to offer a reasonable excuse for the two-year preindictment delay, noting particularly that there was no need for continued secrecy or protection of the undercover officer's identity following his withdrawal from the investigation in June, 1979. However, the court declined to base the dismissal upon the interest of justice. It has long been established that an unreasonable preindictment delay in prosecuting a defendant constitutes a denial of due process of law (see *People v Singer*, 44 NY2d 241; *People v Staley*, 41 NY2d 789; see, also, NY Const, art I, § 6). The determination of whether there has been a denial of a defendant's due process rights turns upon a balancing of several factors including: (1) the length of the delay; (2) the reason for the delay; (3) the degree of actual prejudice to the defendant; and (4) the seriousness of the underlying

offense (see *People v Taranovich,* 37 NY2d 442; *People v Vasquez,* 79 AD2d 621; *People v Bryant,* 65 AD2d 333). In the instant case, the two-year delay between the occurrence of the crime and indictment is, of course, a dominant consideration. That alone, however, does not mandate a dismissal of the indictment. In reviewing the other factors, we find that the People have established good cause for the delay. Defendant's alleged bribery occurred in the course of a city-wide undercover investigation into bribe-taking by consumer affairs inspectors. Although there was apparently a hiatus in the investigation from June, 1979 to early 1980, the investigation was resumed at that time and moved forward until the time of the filing of the indictments in Kings County. The record indicates that the failure to prosecute defendant was not based upon any desire to gain a tactical advantage but upon a well-founded belief that the premature indictment of any one of the individuals implicated in the early stages of the investigation and attendant publicity would compromise the entire ongoing investigation. Therefore, the exercise of discretion inherent in the decision to continue the investigation and delay defendant's prosecution was proper (see *United States v Lovasco,* 431 US 783). Touching briefly upon the remaining two factors, while the crime charged is not very serious, it is nonetheless an act which disrupts society's efforts to protect consumers. Defendant has made no showing of prejudice, other than to claim that he no longer recalls the events of the day in question. This is always a possible consequence where there has been a passage of time prior to indictment. However, other than that, defendant has shown no loss of evidence or witnesses which would preclude him from defending himself at trial. A good-faith delay in the commencement of a prosecution for sufficient reasons will not deprive a defendant of due process of law even though the delay may cause some prejudice to the defense (see *People v Singer,* 44 NY2d 241, 254, *supra;* see, also, *United States v Lovasco,* 431 US 783, 796, *supra*). We would also note that the bribery incident is apparently preserved on tape, which will be available to refresh defendant's recollection. Accordingly, upon a balancing of the factors, we conclude that the preindictment delay in this matter did not deprive defendant of due process of law. Therefore, the order must be reversed, the motion to dismiss denied and the indictment reinstated. Damiani, J. P., Mangano, O'Connor and Brown, JJ., concur.