■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABRAHAM GRISBY, Appellant. — Appeal by defendant from a judgment of the County Court, Rockland County (Miller, J.), rendered February 14, 1984, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed and case remitted to the County Court, Rockland County, for further proceedings pursuant to CPL 460.50 (subd 5).

Defendant seeks a reversal of his conviction on the ground that he was denied his right to a speedy trial. To the extent that he relies on CPL 30.30, his plea of guilty operated as a waiver of his statutory right to a dismissal (*People v Lawrence,* 64 NY2d 200; *People v Friscia,* 51 NY2d 845, 847; *People v Suarez,* 55 NY2d 940, 942). Defendant could not preserve his statutory speedy trial claim for appellate review "by obtaining the consent of the prosecutor and the approval of the court at the time the plea [was] entered" (*People v O'Brien,* 56 NY2d 1009, 1010).

As to defendant's claim that he was denied his constitutional right to a speedy trial, the record shows that the entire period of preindictment delay which followed the filing of a felony complaint for attempted murder was due to defendant's fugitive status. Accordingly, defendant has failed to demonstrate a constitutional deprivation (see *People v Taranovich,* 37 NY2d 442; *People v Best,* 83 AD2d 881; cf. *Barker v Wingo,* 407 US 514). Lazer, J. P., Bracken, Rubin and Eiber, JJ., concur.