■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS KING, Appellant.—Levine, J. Appeal from a judgment of the County Court of Essex County (Garvey, J.), rendered September 17, 1984, convicting defendant upon his plea of guilty of the crime of absconding from temporary release in the first degree.

Defendant, a participant in a temporary release program at Adirondack Correctional Facility, failed to return to jail on July 1, 1982. A State Department of Correctional Services warrant was accordingly issued on July 2, 1982. On December 20, 1982, defendant was arrested for a new, unrelated crime in Queens County and has been in custody continually since that time. Defendant was indicted on March 16, 1984 for the crime of absconding from temporary release in the first degree and, after extensive plea negotiations, pleaded guilty to that crime on August 13, 1984. When he appeared for sentencing on September 17, 1984, defendant spoke on his own behalf and requested to withdraw his guilty plea and be assigned a new lawyer, and asserted that his right to a speedy trial had been violated. Defendant's requests were denied and he was sentenced as a predicate felon to a mandatory consecutive sentence of 1½ to 3 years.

On appeal defendant urges reversal on the grounds that (1) his due process right to a speedy trial was violated; (2) the prosecution and County Court did not follow CPL 400.21 procedures for sentencing a predicate felon, thereby necessitating a resentencing; (3) County Court abused its discretion in failing to inquire into defendant's motion to withdraw his guilty plea and for a change of counsel; and (4) defendant was denied the effective assistance of counsel.

Defendant's speedy trial denial claim is based upon the 20 months' delay between the commission of the crime and the handing down of the indictment. A preindictment delay in prosecution may constitute a denial of due process, and such claims are determined by balancing the five factors used in postindictment delay cases *(People v Singer,* 44 NY2d 241, 253). Those factors are (1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay *(People v Taranovich,* 37 NY2d 442, 445). Here, the only prejudice defendant points to is that he served a substantial portion of his minimum sentence preconviction, thereby impairing his chances for early parole. However, the record belies this claim. Before beginning to serve the minimum sentence on the instant conviction, defendant was required to serve the balance of the minimum sentence on the 1981 burglary conviction, from which he was on temporary release when he absconded, plus consecutive prison terms imposed in December of 1983 for attempted burglary and escape convictions, these crimes having been committed in Queens County when he was a fugitive. Thus, defendant has failed to demonstrate any possibility whatsoever that an earlier disposition on the instant charge would have accelerated his eligibility for parole.

Defendant fares no better with respect to the application of the remaining factors to be balanced under the *Taranovich* test. Five and one half of the 20 months' total delay occurred during the period when defendant was a fugitive from justice and, hence, cannot be chargeable against the prosecution *(People v Grisby,* 107 AD2d 760; *People v Bratton,* 103 AD2d 368, 373). The remaining delay was comparatively brief for speedy trial cases *(cf. People v Singer, supra; People v Taranovich, supra).* As previously demonstrated, the preindictment delay did not extend defendant's period of incarceration. Finally, there is no showing whatsoever that the prosecution's procrastination was attributable to any motive to prejudice defendant. Rather, at most, it was due to inadvertence on the part of the correctional authorities in not notifying the District Attorney of defendant's whereabouts until December 1983, following which the District Attorney presented the case to the Grand Jury at its next session. Although mere inadvertence is not in and of itself an excuse, it is not alone sufficient to warrant dismissal *(People v Taranovich, supra,* p 446).

We are equally unpersuaded by defendant's contentions regarding County Court's refusal to entertain his request to withdraw his guilty plea and to substitute counsel. At the time of sentencing, defendant was given a full opportunity to state the basis for both requests. The sentence imposed was consistent with the agreed-to plea and defendant did not claim innocence or assert that the plea was the result of fraud, coercion or mistake. Therefore, he stated no basis for the court to exercise its discretion and permit him to withdraw his plea (*People v Bryan DD.*, 76 AD2d 963, 964; *People v Malinowski;* 37 AD2d 662, 663). Accordingly, no hearing was necessary to determine the basis of defendant's motion (*People v Tinsley*, 35 NY2d 926, 927). Since we have concluded that defendant did not have a viable speedy trial denial claim, there is nothing to demonstrate that defendant's assigned counsel was rendering ineffective assistance (*People v Baldi*, 54 NY2d 137, 146). Hence, there likewise did not exist good cause to replace counsel (*People v Medina*, 44 NY2d 199, 207).

As regards defendant's complaint concerning his sentencing as a predicate felon, defendant's sentence must be vacated and the case remitted for resentencing in accordance with CPL 400.21. Although strict compliance with CPL 400.21 is not required (*People v Bouyea*, 64 NY2d 1140, 1142; *People v Harris*, 61 NY2d 9, 20), the statutory purposes of apprising the court of defendant's specific prior felony conviction and of providing defendant with reasonable notice and an opportunity to be heard, must nevertheless be fulfilled. Here, the record is devoid of any information concerning defendant's predicate felony conviction, and defendant was not given an opportunity to controvert such conviction.

Judgment modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Essex County for resentencing in accordance with CPL 400.21; and, as so modified, affirmed. Main, J. P., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.