Acquittal of the latter crime does not negate an essential element of the former *(see, People v Tucker,* 55 NY2d 1). We need not here decide whether we should apply a different rule of inconsistency to a nonjury verdict *(see, People v Tucker, supra,* pp 6-7, n 3). In no sense is the verdict inconsistent. Based upon the evidence, the Trial Judge logically could have determined that the defendant had constructive possession of one revolver but not of the other. (Appeal from judgment of Supreme Court, Monroe County, Houston, J.—criminal possession of weapon, third degree.) Present—Dillon, P. J., Callahan, Denman, Boomer and Pine, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBERT P. GREENE, Respondent.—Case held, decision reserved and matter remitted to Supreme Court, Erie County, for further proceedings, in accordance with the following memorandum: The People claim on appeal that the hearing court erred in summarily granting defendant's motion to dismiss the indictment for denial of his right to a speedy trial. The record is devoid of any findings or conclusions which formed the basis for the granting of defendant's motion. We remit for a hearing (CPL 210.45 [6]; *see, People v Berkowitz,* 50 NY2d 333, 349) and for findings of fact with respect to defendant's claims under CPL 30.30 (statutory ready for trial rule) and 30.20 (constitutional right to a speedy trial). A fact issue exists as to whether the People exercised due diligence in attempting to locate defendant, thereby entitling them to exclude that period, under CPL 30.30 (4) (c) *(People v Mitchell,* 84 AD2d 822). As to defendant's CPL 30.20 claim, the court's findings should include consideration of the factors set forth in *People v Taranovich* (37 NY2d 442, 445). (Appeal from order of Supreme Court, Erie County, Francis, J.—dismiss indictment.) Present—Dillon, P. J., Callahan, Denman, Boomer and Pine, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES McDONALD, Appellant. (Appeal No. 1.)—Judgment unanimously vacated. Same memorandum as in *People v McDonald* ([Appeal No. 2], 115 AD2d 223). (Appeal from judgment of Monroe County Court, Wisner, J.—attempted arson, third degree.) Present—Dillon, P. J., Callahan, Denman, Boomer and Pine, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JAMES McDONALD, Respondent. (Appeal No. 2.)—Order unanimously reversed, on the law, verdict reinstated and matter remitted to Monroe County Court for resentencing. Memoran-