■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES McDONALD, Appellant. (Appeal No. 1.)—Judgment unanimously vacated. Same memorandum as in *People v McDonald* ([Appeal No. 2], 115 AD2d 223). (Appeal from judgment of Monroe County Court, Wisner, J.—attempted arson, third degree.) Present—Dillon, P. J., Callahan, Denman, Boomer and Pine, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JAMES McDONALD, Respondent. (Appeal No. 2.)—Order unanimously reversed, on the law, verdict reinstated and matter remitted to Monroe County Court for resentencing. Memoran-

dum: The jury found defendant guilty of arson in the third degree (Penal Law § 150.10 [1]). Thereafter, the trial court modified the verdict to one convicting defendant of attempted arson in the third degree (see, CPL 330.30 [1]; 330.50 [1]; 470.15) Judgment was entered accordingly and defendant was sentenced as a second felony offender to an indeterminate term of 2 to 4 years. Defendant appeals from the judgment; the People appeal from the order modifying the jury verdict.

The jury verdict must be reinstated and the judgment, therefore, must be vacated. The evidence at trial demonstrated that the defendant intentionally damaged a building by starting a fire (see, Penal Law § 150.10 [1]; Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 150.10, p 89). The testimony of several witnesses was sufficient to prove that the building was damaged and thus the damage issue was properly submitted to the jury.

Defendant's claim that he was denied effective assistance of counsel provides no basis for reversal of the judgment to be entered upon remittitur to the trial court. That claim is not substantiated merely by showing that defendant's trial counsel also represented the lumber company which owned the fired building. Defendant must demonstrate from circumstances disclosed in the record "that a conflict of interest, or at least the significant possibility thereof, did exist" (People v Macerola, 47 NY2d 257, 264). No such showing could be made on this record. The testimony of the witness Lazzaro, who was secretary-treasurer of the lumber company which defense counsel also represented, was supportive of defendant's claim at trial that the building was not damaged within the meaning of Penal Law § 150.10 (1). Lazzaro testified that no attempt was made to repair the building; that the lumber company did not have an estimate made of the damage and did not file an insurance claim concerning it. In sum, Lazzaro evidenced no hostility of any kind toward the defendant. There is, therefore, nothing in the record to show that the interests of the lumber company would be served by sacrificing defendant's interests. In these circumstances, we find no conflict of interest and thus no denial of the effective assistance of counsel (see, People v Lombardo, 61 NY2d 97, 102-103).

We have reviewed defendant's other claims of error and find them to be without merit. (Appeal from order of Monroe County Court, Wisner, J.—set aside verdict.) Present—Dillon, P. J., Callahan, Denman, Boomer and Pine, JJ.