■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID HODGES, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered November 1, 1983, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Feldman, J.), without a hearing, of so much of defendant's omnibus motion as sought dismissal of the indictment.

Judgment affirmed.

Under the circumstances herein, Criminal Term did not err in denying, without a hearing, so much of defendant's omnibus motion as sought dismissal of the indictment on due process grounds due to a nine-month preindictment delay *(see, People v Fuller,* 57 NY2d 152, 159-160; *People v Singer,* 44 NY2d 241, 253-255; *People v Staley,* 41 NY2d 789; *People v King,* 114 AD2d 650; *People v Bonsauger,* 91 AD2d 1001). Lazer, J. P., Mangano, Brown and Lawrence, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE KENDAL, Also Known as WILLIE KENDALL, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County (Lerner, J.), rendered October 3, 1979, convicting him of attempted robbery in the third degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

We have reviewed the record and agree with defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf. People v Gonzalez,* 47 NY2d 606). Mollen, P. J., Gibbons, Brown, Niehoff and Eiber, JJ., concur.