■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL BROWN, Also Known as HANANIAH SHABAZZ, Appellant

In reviewing the evidence underlying a criminal conviction the standard to be applied is whether, after viewing the evidence in the light most favorable to the People, a rational trier of fact could have found the defendant guilty beyond a reasonable doubt *(People v Contes,* 60 NY2d 620; *People v Herriot,* 110 AD2d 851). As the record on appeal indicates, the jury in the instant case was well aware of all the evidence and decided the credibility issues in favor of the People. It is well settled that the resolution of questions relating to the credibility of witnesses is a proper function of the trier of fact and should not be overturned lightly on appeal *(People v Bussey,* 111 AD2d 403; *People v Gross,* 111 AD2d 873). The fact that only one witness was able to identify the defendant does not render the evidence less than sufficient *(see, People v Arroyo,* 54 NY2d 567, *cert denied* 456 US 979; *People v Jackson,* 114 AD2d 858).

Further, the three-year delay between the date of the crime and the date of the defendant's arrest did not deprive him of his right to due process. Where there is good cause for delay in prosecuting a defendant such delay does not constitute a violation of due process *(People v Singer,* 44 NY2d 241). In the case at bar the police conducted a vigorous investigation in their diligent effort to locate the defendant *(see, People v Mitchell,* 84 AD2d 822). There is nothing in the record to suggest that the police delayed arresting the defendant for

tactical advantage or that they could have apprehended him sooner but did not *(see, People v Bryant,* 65 AD2d 333, *appeal dismissed* 46 NY2d 1037). Furthermore, the defendant has failed to show prejudice based on the delay *(see, People v Fuller,* 57 NY2d 152; *People v Bonsauger,* 91 AD2d 1001). The seriousness of the crimes, which involves two murders, also supports a finding that the delay in arrest did not deprive defendant of his due process rights *(see, People v Bryant, supra).*

The defendant's claim that he was prejudiced by the fact that the prosecutor did not conduct a second out-of-court identification procedure following his arrest was not preserved for appellate review *(see,* CPL 470.05 [2]). In any event, a second identification procedure is not mandated by either Federal or State law *(see, e.g., United States v Brown,* 699 F2d 585; *People v Cicero,* 119 AD2d 687).

Moreover, notwithstanding the defendant's assertions as to counsel's ineffectiveness, a review of the record reveals that trial counsel was an experienced and competent criminal lawyer who made appropriate pretrial motions, conducted the defense at pretrial hearings and, during the trial itself, engaged in extensive cross-examination of the prosecution witnesses, prepared and presented witnesses in the defendant's behalf and made objections to the presentation of evidence in order to fully protect his client's rights *(see, People v Baldi,* 54 NY2d 137; *People v Droz,* 39 NY2d 457).

The defendant failed to preserve for appellate review the issue of the propriety of either the trial court's or the prosecutor's comments during defense summation *(see,* CPL 470.05 [2]). The prosecutor's interruptions merely requested proper instruction from the court which the court promptly offered. Upon the record it is clear that the court's comments were innocuous and "a legitimate exercise of the court's prerogative to control, the proceedings before it" *(People v Fernandez,* 110 AD2d 657, 658). Similarly, no exception was taken to any of the comments made by the prosecutor during his summation, and therefore the issue is not preserved for consideration on appeal *(see, People v Dordal,* 55 NY2d 954; *People v Jones,* 89 AD2d 875). Furthermore, the prosecutor's remarks were fair comments on the evidence and did not exceed the bounds of comment permissible on summation *(see, People v Galloway,* 54 NY2d 396; *People v Lawrence,* 91 AD2d 642).

The sentence imposed cannot be termed either harsh or excessive under the facts of this case *(see, People v Farrar,* 52

NY2d 302). We have reviewed defendant's other contentions and find them to be without merit. Mollen, P. J., Mangano, Weinstein and Niehoff, JJ., concur.