■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT DONOVAN, Appellant.—Appeal by the defendant from two judgments of the County Court, Putnam County (Sweeny, J.), both rendered August 5, 1987, convicting him of criminal possession of a controlled substance in the third degree (two counts) and criminal sale of a controlled substance in the third degree (two counts) under indictment No. 96/86, and criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree under indictment No. 97/86, upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed, and the case is remitted to the County Court, Putnam County, for further proceedings pursuant to CPL 460.50 (5).

The defendant's claim that preindictment delay denied him due process of law is without merit. After a hearing, the court determined that the delay of 10 or 11 months between the acts which formed the basis for the charges and the defen-

dant's arrest was reasonable, and that the defendant had failed to demonstrate that he was prejudiced by the delay. We agree. Where there is good cause for the delay in prosecuting the defendant, the delay does not constitute a violation of due process (see, People v Singer, 44 NY2d 241; People v Brown, 124 AD2d 667, lv denied 69 NY2d 825). In the case at bar, the police were involved in a vigorous narcotics investigation and the defendant's arrest would have brought to public attention the fact that there was an undercover officer attempting to infiltrate the drug traffickers in the area, thus denying the police the opportunity to apprehend the large-scale dealer who had been providing the drugs (see, People v Brown, supra). In addition, the testimony at the hearing demonstrated that the undercover officer was hospitalized for surgery during this period of delay, so that the police were unable to actively pursue the investigation for a period of 2 to 3 months. Moreover, there is no indication in the record that the police delayed arresting the defendant in order to gain a tactical advantage (see, People v Brown, supra; People v Bryant, 65 AD2d 333, appeal dismissed 46 NY2d 1037). Finally, the defendant has wholly failed to demonstrate that he suffered prejudice as a result of the delay (see, People v Fuller, 57 NY2d 152).

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to support every element of the crimes of which the defendant was convicted. Moreover, the resolution of issues of credibility is primarily a task for the jury which saw and heard the witnesses, and its determination is entitled to great weight on appeal and will not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, appeal after remand 48 AD2d 906). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

Generally, proof of the identity of items admitted into evidence requires that the prosecution establish two elements: that the evidence is the same item that was seized or used in the crime and that it has not been tampered with. Thus, a proper chain of custody must be established (see, People v Julian, 41 NY2d 340). A proper chain of custody is developed when there are reasonable assurances in the record that the evidence sought to be admitted is the same item as was used in the crime and that it is unchanged (see, People v Newman, 129 AD2d 742, lv denied 70 NY2d 652; People v McCutcheon,

122 AD2d 169). As long as these assurances have been established, any deficiencies in the chain of custody go only to the weight to be given to the evidence *(see, People v Piazza,* 121 AD2d 573, *lv denied* 68 NY2d 916). The defendant's contention that the chain of custody was not sufficiently established for the admission in evidence at trial of the narcotics which he sold to an undercover officer is without merit. The record demonstrates that the narcotics that the undercover officer had purchased from him were safeguarded in a Sheriff's office, marked with the defendant's name and the date of the purchases, and transferred to the laboratory for analysis where they received laboratory numbers which corresponded to the evidence number already assigned. The chemist at the laboratory determined that the packets contained cocaine, and then resealed the narcotics in bags with the laboratory number and corresponding evidence number marked on the outside. These bags were returned to the vault in the Sheriff's office where they remained, locked away, until trial. Any deficiencies in the chain of custody were properly resolved by the jury in its evaluation of the weight of the evidence.

The defendant's contention that he was denied effective cross-examination of the prosecution's witnesses because of an alleged failure of the prosecutor to make available *Rosario* material is meritless *(see,* CPL 240.45; *People v Rosario,* 9 NY2d 286, *rearg denied* 9 NY2d 908, *cert denied* 368 US 866, *rearg denied* 14 NY2d 876, 15 NY2d 765). It is clear from the record that defense counsel received copies of the *Rosario* statements in time to conduct meaningful cross-examinations of the witnesses who made the statements. Moreover, the defendant has failed to demonstrate that he was prejudiced by the prosecutor's delay in turning over certain of the statements *(see, People v Jones,* 70 NY2d 547; *People v Novoa,* 70 NY2d 490; *People v Ranghelle,* 69 NY2d 56). As to the evidence logs which were admitted by the prosecution during the direct examination of the chemist, it is clear that the trial court's ruling that these logs were not written statements made by a person whom the prosecutor intended to call as a witness at trial, and were thus not *Rosario* material, was proper *(see,* CPL 240.45 [1] [a]).

The defendant's claim that he is entitled to a new trial based on newly discovered evidence was not raised in the County Court by way of a motion in writing with reasonable notice to the People, and thus is not properly before this court *(see,* CPL 330.40 [2] [a]; *People v Rivera,* 118 AD2d 877). In any event, it is clear that the argument is meritless because the

evidence was not newly discovered *(see,* CPL 440.10 [1] [g]; *People v Rivera,* 108 AD2d 829; *People v Suarez,* 98 AD2d 678). Mangano, J. P., Bracken, Brown and Kunzeman, JJ., concur.