■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID ROZELL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (G. Aronin, J.), rendered October 30, 1984, convicting him of bail jumping in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Feldman, J.), without a hearing, of the defendant's motions to dismiss the indictment.

Ordered that the matter is remitted to the Supreme Court, Kings County, to hear and report on those branches of the defendant's motions which were to dismiss the indictment on the ground of the denial of his State and Federal constitutional due process rights, and the appeal is held in abeyance in the interim. The Supreme Court, Kings County, is to file its report with all convenient speed.

We agree with the defendant that it was error to summarily deny his motions to dismiss the indictment to the extent that such motions raised the issue of the denial of his State and Federal constitutional due process rights arising from a delay in prosecuting him. In view of the allegations in the defendant's motion papers, which indicate a significant delay between the commission of the crime of bail jumping in 1976 and the indictment on that charge in 1983, "a proper balancing of the relevant factors demands that a hearing be conducted to determine the reasons, if any, for the prosecutorial hiatus and the degree to which the defense [or the defendant's right to a fair trial] may have been prejudiced by the delay" (*People v Vasquez,* 79 AD2d 621, 622; *see, People v Bryant,* 65 AD2d 333, *appeal dismissed* 46 NY2d 1037). Bracken, J. P., Lawrence, Kunzeman and Spatt, JJ., concur.