■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFONSO ANGRISANI, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Nicolai, J.), rendered January 11, 1989, convicting him of bribery in the second degree, upon a jury verdict, and impos-ing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Westchester County, for further proceedings pursuant to CPL 460.50 (5).

This case arises out of the arrest in November 1985 of the defendant and his brother for possession of gambling records. Following the arrest, the defendant's brother asked the arrest-ing officer whether "there was anything [he] could do" that would keep him and his brother out of jail and permit them to continue their gambling operation. Subsequently, the officer taped conversations between himself, the defendant, and the defendant's brother, in which the three of them discussed the details of keeping the gambling business operating and proce-dures for additional payments. Thereafter, in March 1986 the officer and an agent of the Federal Bureau of Investigation

confronted the defendant and his brother with the tape recordings and asked for their assistance in discovering police corruption and apprehending certain individuals with ties to organized crime. They declined to cooperate and were eventually arrested on bribery charges in July 1987. The defendant now argues that the delay in prosecution denied him due process and his constitutional right to a speedy trial. We disagree.

In evaluating claims that a defendant has been denied due process because of prosecutorial delay, courts employ a balancing approach, considering: (1) the length of the delay, (2) the reason for the delay, (3) the degree of actual prejudice to the defendant, and (4) the seriousness of the underlying offense *(People v Bonsauger,* 91 AD2d 1001; *see also, People v Singer,* 44 NY2d 241; *People v Staley,* 41 NY2d 789; *People v Bryant,* 65 AD2d 333, 336). Here, an indictment was returned more than a year after the crime had been committed, but well within the Statute of Limitations. Most of the delay is attributable to the fact that this matter was referred first to the United States Attorney's office before it was referred to the Westchester District Attorney. In fact, the bulk of the tape recordings were not delivered to the District Attorney until mid January 1987.

Considering that the delay was primarily the result of good-faith investigations, and because the defendant has failed to demonstrate any prejudice as a result of the delay, the defendant has not been denied due process *(see, People v Hoff,* 110 AD2d 782; *People v Bonsauger, supra; People v Bryant, supra).* Similarly, the defendant also has not been denied his constitutional right to a speedy trial *(People v Watts,* 57 NY2d 299; *People v Johnson,* 38 NY2d 271; *People v Taranovich,* 37 NY2d 442).

We also reject the defendant's argument that the tapes of conversations solely between his brother and the officer were improperly admitted. It is well established that "the declarations of one coconspirator made in the course and furtherance of a conspiracy are admissible against all other conspirators as an exception to the general rule against hearsay" *(People v Sanders,* 56 NY2d 51, 62; *see also, People v Berkowitz,* 50 NY2d 333; *People v Salko,* 47 NY2d 230). Because the other evidence offered by the People established a prima facie case of conspiracy, the tapes were admissible *(see, People v Salko, supra; see also, People v Alwadish,* 67 NY2d 973; *People v Sanders, supra; People v Berkowitz, supra).*

We have considered the defendant's remaining contentions

and find that they are either unpreserved for review or are without merit. Sullivan, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.