■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID ROZELL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (G. Aronin, J.), rendered October 30, 1984, convicting him of bail jumping in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Feldman, J.), without a hearing, of the defendant's motions to dismiss the indictment. By decision and order dated October 3, 1988, this court remitted the matter to the Supreme Court, Kings County, to hear and report on those branches of the defen-

dant's motions which were to dismiss the indictment on the ground of the denial of his State and Federal constitutional due process rights, and the appeal was held in abeyance in the interim *(see, People v Rozell,* 143 AD2d 690). The Supreme Court, Kings County (Corriero, J.), has conducted a hearing and submitted its report to this court.

Ordered that the judgment is affirmed.

The denial by the Supreme Court, without a hearing, of those branches of the defendant's motion which were to dismiss the indictment on speedy trial grounds, pursuant to CPL 30.20 and 30.30, does not warrant reversal. "To the extent that [the defendant's] motion * * * was based on the failure of the People to be ready for trial in conformity with the prescriptions of CPL 30.30, his plea of guilty operated as a waiver of his statutory right to any dismissal" *(People v Friscia,* 51 NY2d 845, 847; *People v Wade,* 139 AD2d 610). While the defendant's speedy trial claim, pursuant to CPL 30.20 and the Federal Constitution survived his guilty plea *(see, People v Friscia, supra,* at 847), the motion papers submitted by the defendant *pro se* and his attorney failed to allege sufficient facts to warrant a hearing on this issue *(see,* CPL 210.45 [6]).

In addition, we agree with the determination by the Supreme Court that dismissal of the indictment is not warranted on due process grounds *(see, People v Best,* 83 AD2d 881, *cert denied* 455 US 926; *see also, People v Jackson,* 142 AD2d 597; *Rayborn v Scully,* 858 F2d 84, *cert denied* 488 US 1032). As noted by the hearing court, almost all of the delay between the commission of the crime of bail jumping in 1976 and the indictment on that charge in 1983 was due to the defendant's flight from New York to Wisconsin and his subsequent arrest under another name and flight from the Wisconsin authorities. Moreover, the defendant presented no evidence that any of the delay prejudiced his defense.

The defendant's other contention raises an issue of law which is unpreserved for appellate review, and we decline to review it in the exercise of our interest of justice jurisdiction. Mangano, P. J., Bracken, Lawrence and Kunzeman, JJ., concur.