■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH CIERVO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Felig, J.), rendered April 3, 1990, convicting him of grand larceny in the

fourth degree, criminal tampering in the second degree, and theft of services, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged with grand larceny, criminal tampering, and theft of services after an investigation by Consolidated Edison (hereinafter Con Ed) revealed that he had tampered with the electric meter at his home to prevent it from accurately registering his consumption of electricity. At trial, the People put into evidence the meter, which had been removed from the defendant's home by a Con Ed inspector pursuant to a warrant, and the results of testing thereafter performed on the meter. On appeal, the defendant contends that the meter and the test results were improperly admitted into evidence because the meter was in Con Ed's possession since its seizure and the testing was performed by Con Ed personnel without independent verification. However, upon our review of the record we find that the People sufficiently established that the meter introduced at trial was the same meter seized from the defendant's home and that its condition remained unchanged (see, People v Julian, 41 NY2d 340; People v Donovan, 141 AD2d 835). In this regard, the Con Ed inspector who removed the meter from the defendant's home identified it in court, recognizing the broken seal and the excessive wear at the points it connects to the power line. Furthermore, that the meter was in Con Ed's custody and the testing was performed by Con Ed personnel, goes to the weight of that evidence and not to its admissibility (see, People v Julian, supra).

Nor do we find that the trial court improvidently exercised its discretion in refusing to declare the defendant's witness William Joseph, an electrical engineer, to be an expert in the operation of electric meters inasmuch as the witness had no experience with these devices (see, Meiselman v Crown Hgts. Hosp., 285 NY 389; Hong v County of Nassau, 139 AD2d 566). The witness was nonetheless permitted to testify as to how electric meters worked and offered an alternative theory as to why the readings on the defendant's meter differed from those on the check meter installed by Con Ed. Therefore, contrary to the defendant's contention, he was not prejudiced by the court's ruling.

The defendant's remaining contentions are without merit. Kunzeman, J. P., Eiber, Miller and Ritter, JJ., concur.