■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD COUCH, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Nicolai, J.), rendered February 25, 1991, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the court did not erroneously deny his motion to dismiss the indictment as a result of prejudicial pre-indictment delay. As this Court has recently reiterated: " 'In terms of a defendant's due process right to a prompt prosecution after the occurrence of the criminal transaction, there are four factors of primary importance: (1) the length of the delay; (2) the reason for the delay; (3) the degree of actual prejudice to the defendant; and (4) the seriousness of the underlying offense' *(People v Bryant,* 65 AD2d 333, 336)" *(People v LaRocca,* 172 AD2d 628). In this case the approximately six-month delay between the time that the defendant twice sold drugs to an undercover officer and his indictment and arrest was not excessive as a matter of law *(see, People v Braxton,* 176 AD2d 811; *People v Romero,* 173 AD2d 654; *People v LaRocca, supra; People v Angrisani,* 160 AD2d 713). The prosecution had a good-faith reason for this

delay since the defendant was one suspect in an ongoing undercover narcotics investigation *(see, People v Angrisani, supra; People v Donovan,* 141 AD2d 835). The defendant's unelaborated assertions of lost alibi witnesses are unpersuasive "routine-like claim[s] of prejudice" *(People v Fuller,* 57 NY2d 152, 160; *see, People v London,* 36 AD2d 980) and there is no question that the drug charges leveled at him were most serious *(see, People v Donovan, supra).* Accordingly, on balance we are satisfied that the delay in promptly prosecuting the defendant was not so great as to deprive him of due process.

We have reviewed the defendant's remaining contentions and find them to be without merit. Rosenblatt, J. P., Miller, Ritter and Pizzuto, JJ., concur.