■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARMANDO BARRERO, Appellant.—Appeals by the defendant (1) from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered May 30, 1990, convicting him of criminal sale of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court, dated April 6, 1992, which denied his motion pursuant to CPL 440.10 to vacate the judgment.

Ordered that the judgment and the order are affirmed.

The defendant contends, *inter alia,* that the People failed to establish his guilt beyond a reasonable doubt because the police informant had a long criminal record and his testimony was not credible. However, viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to prove the defendant's guilt of criminal sale of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree beyond a reasonable doubt. The evidence presented at the trial established that the police informant introduced the undercover officers to the defendant in July 1989, and both officers unequivocally testified that approximately one month later, they purchased nearly one ounce of cocaine from the defendant. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal, and should not be disturbed

unless clearly unsupported by the record *(see, People v Gara-folo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Furthermore, contrary to the defendant's contention, the prosecution established a sufficient chain of custody for the narcotics which were admitted into evidence. The trial testimony demonstrated that the narcotics were placed in an envelope by the undercover police officer who had purchased them from the defendant, and that the envelope was then sealed, marked, and initialed by both officers involved in the transaction. The envelope was then secured in an evidence locker, and the police chemist who subsequently analyzed its contents testified that he received the envelope in an intact and sealed condition, thus providing " 'reasonable assurances of the identity [of the narcotics] and [of their] unchanged condition' " *(People v Julian,* 41 NY2d 340, 343; *People v Griffith,* 171 AD2d 678, 680-681; *People v Donovan,* 141 AD2d 835; *People v Piazza,* 121 AD2d 573).

We further reject the defendant's contention that the trial court improvidently exercised its discretion by closing the courtroom during the testimony of the five undercover police officers who testified on behalf of the People. Prior to closing the courtroom, the court conducted an inquiry which established that each undercover officer was involved in a number of pending narcotics investigations, and that these pending cases as well as the officers' personal safety could be compromised if their identities were revealed *(see, People v Jones,* 47 NY2d 409, *cert denied* 444 US 946; *People v Saunders,* 174 AD2d 700; *People v Jackson,* 171 AD2d 756; *cf., People v Clemons,* 78 NY2d 48; *People v Kin Kan,* 78 NY2d 54).

In addition, we find that the trial court properly denied the defendant's motion to vacate his judgment of conviction, which was predicated upon his unsupported allegation that the trial court advised the jury that he was guilty *(see,* CPL 440.30 [4] [d] [i]).

We have examined the defendant's remaining contentions, and find that they are either unpreserved for appellate review or without merit. Eiber, J. P., O'Brien, Ritter and Copertino, JJ., concur.