■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID JACKSON, Appellant. [605 NYS2d 409] —Appeals by the defendant from two judgments of the Supreme Court, Kings County (Broomer, J.), both rendered December 18, 1991, convicting him of criminal possession of a controlled substance in the fourth degree under Indictment No. 5154/91, upon a jury verdict, and attempted criminal sale of a controlled substance in the third degree under Indictment No. 8516/91, upon his plea of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant contends that the prosecution failed to establish the chain of custody of the crack-cocaine admitted into evidence at the trial on Indictment No. 5154/91. Initially, we note that the issue is unpreserved for appellate review since the evidence was admitted without objection from the defendant and the defendant's motion for a trial order of dismissal did not specify this ground as a basis for dismissal *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245, 248-252). In any event, since the alleged gap in the chain of custody occurred after the substance was analyzed, there could be no prejudicial alteration *(see, People v Julian,* 41 NY2d 340, 343). Any deficiencies in the chain of custody after analysis went to the weight to be accorded the evidence, but did not render the evidence inadmissible *(see, People v Julian, supra; People v Donovan,* 141 AD2d 835, 836-837).

The defendant also claims that he was prejudiced by the improper remarks of the prosecutor during summation which allegedly played upon the jury's fears, misrepresented the evidence, diminished the People's burden of proof, and improperly bolstered the credibility of the People's witness. Although we disapprove of the prosecutor's use of the "safe

streets" argument, this was an isolated error and consequently was harmless *(see, People v Ashwal,* 39 NY2d 105, 109; *People v Young,* 113 AD2d 852, 854). Moreover, we find that the remaining comments challenged by the defendant were appropriate responses to defense counsel's arguments during summation *(see, People v Arce,* 42 NY2d 179, 190-191).

We have considered the defendant's remaining contentions, including those raised by his supplemental *pro se* brief, and find them to be without merit. Thompson, J. P., Balletta, O'Brien and Santucci, JJ., concur.