■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES LEACH, Appellant. [611 NYS2d 17] —Appeals by the defendant from two judgments of the Supreme Court, Queens County (Friedmann, J.), both rendered April 24, 1991, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fifth degree under Indictment No. N12237/90, upon a jury verdict, and criminal sale of a controlled substance in the third degree under Indictment No. N10267/90, upon his plea of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant's contention that he was deprived of a fair trial by the court's admission into evidence, *inter alia,* of the numerous vials of cocaine recovered from the crime scene is without merit. The fact that the police chemist who initially analyzed the contents of the vials did not testify at trial was not fatal to establishing the requisite "chain of custody" *(People v Cummings,* 184 AD2d 574; *see also, People v Moyer,* 186 AD2d 997, 998).

We find that the instruction regarding the jury's treatment of any "nonverbal" communications by the court during the charge was erroneous *(see, People v Rawlings,* 178 AD2d 619; *see also,* CPL 300.10 [2]; *People v Owens,* 69 NY2d 585, 589). However, the error was harmless in light of the overwhelming evidence of the defendant's guilt, which included the testimony of both the undercover officer who consummated the purchase and the arresting officer who, within minutes, apprehended the defendant in the immediate vicinity of the sale *(see, People v Crimmins,* 36 NY2d 230).

Contrary to the People's contention, upon review of the record of the defendant's plea agreement in connection with Indictment No. N10267/90, we find that the defendant did not waive the right to appeal the length of his sentence inasmuch as he was unaware of the length of this sentence prior to the purported waiver *(see, People v Maye,* 143 AD2d 483; *cf., People v Burk,* 181 AD2d 74, 81). We have examined the defendant's contentions regarding the length of the sentences imposed under each indictment and find them to be without merit *(see, People v Delgado,* 80 NY2d 780; *People v Suitte,* 90 AD2d 80).

In view of our determination with respect to the defendant's judgment of conviction under Indictment No. N12237/90, after a jury trial, there is no basis for vacatur of his plea under Indictment No. N10267/90 *(cf., People v Clark,* 45 NY2d 432). Thompson, J. P., Copertino, Pizzuto and Santucci, JJ., concur.