■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL ISAAC, Appellant. [635 NYS2d 544] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered November 22, 1993, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The prosecution established a sufficient chain of custody for the narcotics which were admitted into evidence. The prosecution witnesses provided reasonable assurances of the identity

of the narcotics and of their unchanged condition *(see, People v Julian,* 41 NY2d 340, 343; *People v Barrero,* 190 AD2d 680; *People v Griffith,* 171 AD2d 678, 680-681; *People v Donovan,* 141 AD2d 835; *People v Piazza,* 121 AD2d 573).

Moreover, any deficiencies in the chain of custody did not bar the admission of the vials into evidence, but rather only related to the weight to be accorded to that evidence *(see, People v Julian, supra; People v Leach,* 203 AD2d 484; *People v Brathwaite,* 204 AD2d 733; *People v Jackson,* 199 AD2d 535; *People v Ciro,* 195 AD2d 568; *People v Donovan,* 141 AD2d 835, *supra).*

The defendant contends that the court improperly allowed testimony concerning the contents of certain radio transmissions in which he was described at the crime scene. However the court properly permitted such testimony to establish circumstances relevant to the arrest and not to establish or bolster identification evidence *(see, People v Gill,* 215 AD2d 690; *People v Burrus,* 182 AD2d 634). Balletta, J. P., Thompson, Joy and Goldstein, JJ., concur.