■ In the Matter of HILBERT B., a Person Alleged to be a Juvenile Delinquent, Appellant. SUSAN M. TATRO, as Albany County Attorney, Respondent. [635 NYS2d 316] —Casey, J. Appeal from an order of the Family Court of Albany County (Tobin, J.), entered January 9, 1995, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

On July 31, 1994, while being approached by City of Albany Police Officer John Monte, respondent fled and, in the process, threw away five bags. Respondent was apprehended and the bags were recovered. The contents of one of the bags was tested by the Albany Police Department and determined to contain cocaine. The five bags were sealed and thereafter transmitted to the State Police lab for further analysis. After a hearing, Family Court found respondent to be a juvenile delinquent for committing acts constituting the crime of criminal possession of a controlled substance in the seventh degree in violation of Penal Law § 220.03.

Respondent appeals, contending that Family Court committed reversible error by permitting the five bags and their contents to be introduced into evidence. Respondent argues that the failure to explain the 31-day time period that the evidence was in the State Police lab created a gap in the chain of custody precluding its use at trial. Respondent also points to the fact that the evidence went into the lab with a chunky nature and, after it was analyzed, was returned in a more powdery form.

We affirm. The proof that some of the substance possessed and thrown away by respondent consisted of cocaine was the result of testing by the Albany Police Department which occurred before the material was sent to the State Police lab for further analysis. Since the alleged gap in the chain of custody occurred after the Albany Police analysis of the substance which was relied upon by Family Court, there could be no prejudicial alteration (*see, People v Julian*, 41 NY2d 340, 344; *People v Jackson*, 199 AD2d 535, *lvs denied* 83 NY2d 854, 968; *People v Griffith*, 171 AD2d 678, 680-681). The subsequent deficiencies in establishing the gap in the chain of custody of the evidence while it was undergoing the subsequent analysis at the State Police lab merely goes to the weight of the evidence (*see, People v Wilkerson*, 167 AD2d 662, 664, *lv denied* 78 NY2d 958).

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the order is affirmed, without costs.